**Charles L. HOLDER, Sr., Plaintiff,**

v.

**Nard CLAAR, Mr. Swedhin, Mrs. Jannie Carlson, and Richard Miller, Defendants.**

**Civ A. No. 78–K–792.**

United States District Court, D. Colorado.

Oct. 27, 1978.

---

Charles L. Holder, Sr., pro se.

## ORDER OF DISMISSAL

KANE, District Judge.

This is another Civil Rights action brought pursuant to 42 U.S.C. § 1983 by an inmate at the Colorado State Reformatory in Buena Vista, Colorado. Defendant Nard Claar is employed as the head of Special Services at the institution; defendants Swedhin and Carlson are also employed at the institution; and defendant Richard Miller is an inmate confined therein.

A § 1983 complaint should not be dismissed for failure to state a claim unless it clearly appears that the complainant can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1975); *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir. 1976); *Gregory v. Wyse*, 512 F.2d 378 (10th Cir. 1975). Dismissals of *pro se* civil rights actions are rightfully held in disfavor. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In order to state a cause of action under 42 U.S.C. § 1983 the plaintiff must allege at least some acts which have deprived him of a right, privilege, or immunity secured by the Constitution and laws of the United States. It is now clear that redress of wrongful deprivations of proper-

ty by persons acting under color of state law are justiciable under § 1983. *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Moreover, a well-established body of case law has developed since *Lynch* recognizing that the due process clause affords inmates protection against the unjustified misappropriation of personal property by prison officials. *Clayton v. Shaw*, 548 F.2d 1155 (5th Cir. 1977); *Lewis v. State of New York*, 547 F.2d 4 (2nd Cir. 1976); *Kimbrough v. O'Neil*, 545 F.2d 1059 (7th Cir. 1976); *Hansen v. May*, 502 F.2d 728 (9th Cir. 1974); *Russell v. Bodner*, 489 F.2d 280 (3rd Cir. 1973); *Cruz v. Cardwell*, 486 F.2d 550 (8th Cir. 1973); and *Weddle v. Director, Patuxent Institution*, 436 F.2d 342 (4th Cir. 1970) vacated and remanded for further consideration in light of *Lynch, supra*, 405 U.S. 1036, 92 S.Ct. 1318, 31 L.Ed.2d 577 (1972).

The quintessential element requisite for recovery in such actions is that the property which has been misappropriated must belong to the person alleging the deprivation. The facts alleged by plaintiff do not permit consideration of the complaint beyond that point.

Plaintiff alleges that he was in charge of the institutional radio room, KCSR. In effort to improve the fare offered by the station, plaintiff desired to obtain as many new record releases as possible from recording companies. Since most of the record companies require a minimum fee from recipients on the mailing lists and the institution did not have funds budgeted for that purpose, plaintiff wrote to several friends and requested donations. After obtaining the funds and completing the necessary paperwork to induce the flow of recordings to the institution, plaintiff, because of a personal conflict with inmate-defendant Richard Miller, resigned his position with KCSR.

Several months thereafter the precatory supply of records began to flow. As a result of some amateur sleuthing on the part of defendant Miller, it was discovered that many of the records were addressed to plaintiff, Charles Holder, Sr., with no reference to KCSR. This denouement was reported to defendant Claar who issued a memorandum which required that "all records coming in, in the name of Charles Holder are to be sent to the radio room % Nard Claar."

As a separate exercise, plaintiff wrote several letters, dated June 2, 1978, to a number of record companies, requesting copyright information and records for use in the vocational electronics shop at the institution. In response, Columbia Record Company sent plaintiff a package which plaintiff never received. He alleges these records were misappropriated by defendants Miller, Swedhin and Carlson. Plaintiff claims that defendant Miller persuaded defendant Carlson to give Miller requisite permission to pick up the records; and that defendant Swedhin complied therewith by giving them to defendant Miller. Plaintiff alleges that the package was addressed to Charles Holder with no reference whatsoever to KCSR or defendant Miller.

Plaintiff urges that the above acts constitute unauthorized seizure of his personal mail by persons acting under color of state law. He claims that these actions deprived him of personal property without due process of law. The factual question presented is whether this property was personal property of the plaintiff or whether it was the property of the Colorado State Reformatory.

■ Plaintiff asserts in his verified complaint that he personally solicited the funds and records in question, representing to potential donors that such funds and records were to be for the benefit and use of the prison radio station and the prison's vocational electronics shop. There is no question that the materials provided by the record companies in this case were donated for institutional use. If received by plaintiff, the property would be received by him in trust for the use and benefit of the inmates of the institution. Plaintiff has misconstrued the benevolent intent of his "friends" and the record companies involved in this case, interpreting their philanthropic gestures as donations to plaintiff's personal account as distinguished

from donations to promote the betterment of the Colorado State Reformatory.

Although plaintiff is to be commended for his efforts to improve the institutional radio station, and, similarly, for his support of the vocational electronics shop, plaintiff has no property interest in any of the materials solicited. They are rightfully the property of the Colorado State Reformatory and are to be utilized by that institution in accordance with the purposes for which they were intended. Plaintiff's claim that he should be afforded the option to either send the records home or donate them to the institution is without merit. Taking the alleged facts in the light most favorable to the vivification of plaintiff's complaint, I can find no facts which would entitle the plaintiff to judicial relief in this case. Accordingly,

IT IS ORDERED that plaintiff's complaint and civil action are dismissed for failure to state a cognizable federal claim.