Charles B. ARMSTRONG, Jr.,
Plaintiff-Appellant,

v.

Elayne A. ARMSTRONG,
Defendant-Appellee.

No. 82–5518.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 3, 1983.

Decided Jan. 18, 1983.

Russell Iungerich, Law Offices of Russell Iungerich, Los Angeles, Cal., for plaintiff-appellant.

Paul J. Nestor, Phillips & Nestor, Santa Ana, Cal., for defendant-appellee.

Before SKOPIL, NELSON and CANBY, Circuit Judges.

PER CURIAM.

The district court dismissed Armstrong's declaratory judgment action for lack of subject matter jurisdiction. We affirm.

Armstrong's marriage was dissolved by a California court in 1973. At that time, Armstrong was on active duty in the United States Marine Corps. The court awarded 45% of Armstrong's future military retired pay to his ex-wife as part of the community property settlement. In 1981, the Supreme Court held that congressional intent precluded the states from treating military retired pay as community property. *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).[1] Armstrong sought a declaratory judgment in federal district court that the 1973 judgment was no longer enforceable.

The only asserted ground of subject matter jurisdiction is 28 U.S.C. § 1331, which confers jurisdiction in cases "arising under" federal law. Armstrong argues that his case depends upon interpretation of military retirement statutes, 10 U.S.C. ch. 571, §§ 6321, *et seq.*, and preemption of state law under the Supremacy Clause, U.S. Const., art. VI. A case does not arise under federal law, however, when the federal question is merely an anticipated defense to a state lawsuit. *Alton Box Board Co. v. Esprit de Corp.*, 682 F.2d 1267, 1273–74 (9th Cir.1982); *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1304 (9th Cir.1975), *aff'd*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). Nor is a federal defense transformed into a federal cause of action by assertion of a claim for defensive declaratory relief. *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 685 F.2d 1088, 1090 (9th Cir.1982). Armstrong's federal law issues have vitality only as defenses to enforcement of the state court judgment. Federal question jurisdiction is thus lacking here. *Chandler v. O'Bryan*, 445 F.2d 1045, 1055–56 (10th Cir.1971), *cert. denied*, 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972).

Because of our resolution of the jurisdictional question, we need not reach the other issues presented in this case. We note, however, that the argument that *McCarty* rendered contrary state court judgments void for lack of subject matter jurisdiction was foreclosed when the United States Supreme Court dismissed the appeal of *In re Marriage of Sheldon*, 124 Cal.App.3d 371, 177 Cal.Rptr. 380 (1981) for want of a substantial federal question. *Sheldon v. Sheldon*, —— U.S. ——, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982) (the issue on appeal is reported in 50 U.S.L.W. 3869). *See Mandel v. Bradley*, 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977) (per curiam); *Carpenter's Pension Trust v. Kronschnabel*, 632 F.2d 745, 747 (9th Cir.1980).

The decision of the district court is accordingly

AFFIRMED.

---

1. In September 1982, Congress enacted the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (published in 51 U.S.L.W. 131). That Act permits state courts to treat retired pay for pay periods beginning after June 25, 1981, either as property of the member of the armed forces "or as property of the member and his spouse in accordance with the law of the jurisdiction." § 1408(c)(1). The effective date of the Act is February 1, 1983.