**James Willburn WHITE,
Plaintiff-Appellant,**

v.

**Barbara WHITE and Superior Court of the State of California, County of Merced, Honorable George G. Murry, Judge, Defendants-Appellees.**

**No. 83–1860.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1984.

Decided May 1, 1984.

---

T.N. Petersen, Law Office of John Bucan, Merced, Cal., for plaintiff-appellant.

Ralph S. Temple, Temple & Walker, Merced, Cal., for defendants-appellees.

Before WALLACE, HUG and FERGUSON, Circuit Judges.

PER CURIAM:

In 1978, Judge George G. Murry of the Superior Court of California, County of Merced, entered an interlocutory judgment dissolving the marriage of James Willburn White (James) and Barbara White (Barbara). The order distributing their community property provided in pertinent part that "[James'] United States Air Force Retirement is eighty percent (80%) community property and [Barbara] is awarded one-half or forty percent (40%) of said retirement benefits." James did not appeal the interlocutory judgment or the final judgment entered in March 1979, nor did James challenge the state court's jurisdiction.

In 1978 it was well established California law that military retirement benefits were community property subject to division in a dissolution proceeding. *In re Marriage of Fithian*, 10 Cal.3d 592, 517 P.2d 449, 111 Cal.Rptr. 369 (1974). However, in June 1981, the Supreme Court announced its decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), holding that federal law precluded state courts from dividing military retirement pay pursuant to state community property laws.[1] James immediately stopped paying

---

1. Congress responded to the *McCarty* decision by enacting the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408. The Act permits state courts to treat military retirement pay either as the property of a member of the armed forces "or as property of the member

Barbara her share of the benefits. Barbara, in November 1981, filed a contempt action in the superior court. James moved for the superior court to reconsider and set aside the characterization of his retirement benefits as community property, based on *McCarty*. The court filed an order in February 1982 finding James in contempt of court for failing to make payments to Barbara. James was permitted to purge himself of contempt by resuming payments. James did not challenge enforcement of the contempt order by seeking a writ in the state court of appeal.

One week later James obtained a temporary restraining order (TRO) from the federal district court preventing enforcement of the interlocutory judgment and the contempt order. James also filed this action in the federal district court against Barbara, the superior court, and Judge Murry. He alleged causes of action for deprivation of civil and proprietary rights, for damages and declaratory judgment and for an injunction restraining the defendants from further proceedings in state court against James' military retirement benefits. James alleged federal jurisdiction based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983. The district court dissolved the TRO and denied James' motion for a preliminary injunction. The court consolidated this case with nine others presenting similar issues and dismissed for lack of subject matter jurisdiction. The court ruled that the case did not arise under federal law because the federal question was merely an anticipated defense to a state lawsuit. The court relied on *Armstrong v. Armstrong*, 696 F.2d 1237, 1238 (9th Cir.) (per curiam), *cert. denied,* ── U.S. ──, 104 S.Ct. 337, 78 L.Ed.2d 306 (1983). In *Armstrong*, this court held, on similar facts, that the federal issues raised under 28 U.S.C. § 1331 by a declaratory judgment attack on a state

court community property division of military retirement benefits "have vitality only as defenses to enforcement of the state court judgment. Federal question jurisdiction is thus lacking...." 696 F.2d at 1238 (citation omitted).

■ *Armstrong,* however, cannot conclusively dispose of James' cause of action under 42 U.S.C. § 1983; no section 1983 claims were raised in *Armstrong.* Here, James has alleged that the defendants acted under color of state law to deprive him of his United States Air Force retirement benefits, secured by the due process and equal protection clauses of the fourteenth amendment and 42 U.S.C. § 1983, by enforcing a state judgment rendered void by *McCarty.*

■ District courts have subject matter jurisdiction over suits brought under section 1983 even when the state action allegedly violating plaintiff's federally protected rights takes the form of state court proceedings. *Miofsky v. Superior Court,* 703 F.2d 332, 335 (9th Cir.1983). Federal jurisdiction exists if a complaint claims a right to recover under the Constitution and laws of the United States and the claim is not wholly insubstantial and frivolous. *Keniston v. Roberts,* 717 F.2d 1295, 1298 (9th Cir.1983).

We thus conclude that the district court erred in dismissing the section 1983 claim for lack of jurisdiction.

■ Nonetheless, the dismissal may be affirmed on the ground that James failed to state a claim upon which relief can be granted. *Keniston,* 717 F.2d at 1300. An action may be dismissed for failure to state a claim if it appears certain that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* James' claim is based on his

and his spouse in accordance with the law of the jurisdiction." 10 U.S.C. § 1408(c)(1). The Act became effective February 1, 1983, but state courts were allowed to apply its provisions for periods beginning after June 25, 1981. *Id.* (*McCarty* was decided on June 26, 1981.) The Act's legislative history indicates that Congress intended to abrogate the effects of *McCarty.*

*See* H.R.Conf.Rep. No. 97–749, 97th Cong., 2d Sess. 49, 165–68, *reprinted in* 1982 U.S.Code Cong. & Ad.News 1555, 1569, 1570–73. James contends that the Act is unconstitutional. This claim is outside the scope of the pleadings and is not properly before this court for review. *United States v. Greger,* 716 F.2d 1275, 1277 (9th Cir.1983).

assumption that *McCarty* applies retroactively to render contrary state court judgments void. This position is meritless; this court has stated that *McCarty* is not retroactive. In *Armstrong,* the court noted:

> [T]he argument that *McCarty* rendered contrary state court judgments void for lack of subject matter jurisdiction was foreclosed when the United States Supreme Court dismissed the appeal of *In re Marriage of Sheldon,* 124 Cal.App.3d 371, 177 Cal.Rptr. 380 (1981) for want of a substantial federal question. *Sheldon v. Sheldon,* 456 U.S. 941, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982).

696 F.2d at 1238. *See also Whittington v. Whittington,* 733 F.2d 620–621 (9th Cir.1984). A summary dismissal by the Supreme Court of an appeal from a state court for want of a substantial federal question operates as a decision on the merits on the challenges presented in the statement of jurisdiction. *Carpenters Pension Trust, etc. v. Kronschnabel,* 632 F.2d 745, 747 (9th Cir.1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981). In *Sheldon,* one of the questions presented on appeal was:

> Does federal preemption of state community property laws regarding division of military retirement pay render state judgments void for lack of subject matter jurisdiction where such judgments were entered after Congress had preempted area of law?

50 U.S.L.W. 3869.

James argues nonetheless that his case is distinguishable from *Sheldon.* James contends that in *Sheldon* the state court did not uphold the validity of a state statute in the face of a federal law challenge, and that *Sheldon* should have invoked the jurisdiction of the Supreme Court by writ of certiorari rather than by appeal, thus giving *Sheldon* no precedential effect. These challenges are meritless. In the *Sheldon* appeal, the jurisdictional statement explicitly asserted that California Civil Code § 4800(a), as it purports to characterize military retirement pay as community property, conflicts with federal law. Thus, a particular state statutory provision was called into question. Moreover, in response to a similar argument that Supreme Court review should have been sought by writ rather than by appeal in *Carpenters Pension Trust,* 632 F.2d at 749 n. 4, this court "[found] it difficult to assume that the Court meant something other than what it specifically said" when it dismissed an appeal for lack of a substantial federal question.

We hold that no claim was stated. The judgment of the district court is AFFIRMED.