William J. WHITTINGTON,
Plaintiff-Appellant,

v.

Patricia M. WHITTINGTON,
Defendant-Appellee.

No. 82–6008.

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 7, 1983.

Submitted Jan. 23, 1984.

Decided March 28, 1984.

Rehearing and Rehearing En Banc
Denied May 24, 1984.

Russell Iungerich, Los Angeles, Cal., for plaintiff-appellant.

Roberta Brown, Allred, Maroko, Goldberg & Ribakoff, Los Angeles, Cal., for defendant-appellee.

Before GOODWIN, WALLACE, and TANG, Circuit Judges.

WALLACE, Circuit Judge:

The district court dismissed Whittington's declaratory judgment action for lack of subject matter jurisdiction. The issue before us involves the rule which requires federal jurisdiction to be demonstrated in a well-pleaded complaint. We affirm.

I

In 1976, Whittington retired from active duty in the United States Navy. On March 3, 1981, a California court dissolved the Whittingtons' marriage. The state court

awarded 42.8% of Whittington's military retirement pay to his ex-wife as part of a community property settlement. Although Whittington never questioned the state court's jurisdiction during the divorce proceedings, in February of 1982 he sought federal declaratory and injunctive relief from its judgment on grounds that a California court lacked jurisdiction to divide his retirement pay. He argued that Cal.Civ. Code § 4800(a) provides jurisdiction only over "property" and, as a matter of federal law, he had no property rights in future retirement paychecks. Whittington alleged federal jurisdiction under 28 U.S.C. § 1331. His ex-wife responded with a motion to dismiss the complaint for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1).

■ The district court granted the motion by dismissing Whittington's complaint without leave to amend. Although there was a failure to dismiss the action, the district judge clearly determined Whittington could not save his suit by any amendment. Under these circumstances, we treat the order of dismissal as final and appealable, *see, e.g., Marshall v. Sawyer,* 301 F.2d 639, 643 (9th Cir.1962), and review it de novo, taking a favorable view of the facts alleged to support jurisdiction, *see A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Association,* 484 F.2d 751, 759–60 (7th Cir.1973), *cert. denied,* 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974).

## II

Whittington agrees that *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (*McCarty*), which held the states could not treat military retirement pay as community property, does not apply to his case. The Supreme Court decided *McCarty* after the Whittingtons' decree became final, and *McCarty* does not apply retroactively, *e.g., In re Marriage of Sheldon,* 124 Cal.App.3d 371, 177 Cal.Rptr. 380 (1981), *appeal dismissed for want of a substantial federal question sub nom. Sheldon v. Sheldon,* 456 U.S. 941, 102 S.Ct.

202, 72 L.Ed.2d 462 (1982). Whittington observes, correctly, that the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, does not preclude his arguments. The Act applies to judgments after June 25, 1981, *see* 10 U.S.C. § 1408(c)(1), and the Whittingtons' decree issued on March 3, 1981.

■ The disposition of this case turns on Whittington's contention that *Armstrong v. Armstrong,* 696 F.2d 1237 (9th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 337, 78 L.Ed.2d 306 (1983) (*Armstrong* ), does not control his case, or, if it does, it was wrongly decided. In *Armstrong,* we adhered to the well-pleaded complaint rule. We held, on facts almost identical to those in Whittington's case and prosecuted by the same lawyer, that the federal issues raised under 28 U.S.C. § 1331 by a declaratory judgment attack on a California court's community property division of military retirement pay "have vitality only as defenses to the state court judgment. Federal question jurisdiction is thus lacking . . . ." 696 F.2d ·at 1238. Whittington seeks to distinguish *Armstrong* by claiming he lacked an opportunity to use his federal law defense. In *Armstrong,* however, we did not rely on the existence of any certain post-judgment opportunity for raising the federal defenses. As Whittington's circumstances make clear, the federal defenses could have been raised in the original state court action. If the state court had failed to recognize those defenses, Whittington could have obtained federal review by appeal to the Supreme Court under 28 U.S.C. § 1257(2). *See Alton Box Board Co. v. Esprit de Corp.,* 682 F.2d 1267, 1270 (9th Cir.1982). If another opportunity arises, Whittington may, perhaps, use his federal defenses. We do not reach the question whether his failure to raise those defenses ·in state court will preclude him from using them in a later action. *Cf., e.g., Cromwell v. County of Sac,* 94 U.S. 351, 353, 24 L.Ed. 195 (1876) (res judicata precludes relitigation of defenses that might have been presented in a first suit).

622

In light of Whittington's failure to raise his federal defenses in state court, his argument that "California courts are understandably reluctant to subordinate their community property rules to overriding federal considerations which are now forced on them by the requirements of the Supremacy Clause" seems particularly lame. We do not believe the California courts are inept or unfaithful to properly presented federal law.

### III

We conclude that *Armstrong* controls this suit and, under its well-pleaded complaint rule, the district court lacked subject matter jurisdiction. The judgment of the district court is affirmed.

AFFIRMED.