736 F.2d 1367
 Albert John FERN, Plaintiff-Appellant,
v.
Joan TURMAN and John O. Marsh, Secretary of the Army,
Defendants-Appellees.
Robert Lewis STIRM, Plaintiff-Appellant,
v.
Loretta F. ADAMS and Verne Orr, Secretary of the Air Force,
Defendants-Appellees.
 Nos. 82-4577, 82-4581.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 12, 1983.
Decided July 10, 1984.
 
 Mattaniah Eytan, Kaplan, Russin, Vecchi, Eytan & Collins, San Francisco, Cal., for plaintiff-appellant.
 Katherine E. Stoner, Pacific Grove, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before BROWNING, Chief Judge, MERRILL and ALARCON, Circuit Judges.
 BROWNING, Chief Judge:
 
 
 1
 Appellants are retired military officers. Both were required by divorce decrees to pay a fixed percentage of their military retired pay to their former wives as divisible community property under state law. Both ceased payments after the United States Supreme Court held in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that state courts were not free to divide retired military pay under community property laws.
 
 
 2
 The wives filed motions in the state courts to compel appellants to comply with the decrees. The husbands removed the cases to federal district court. They also filed complaints in federal court naming as defendants not only their wives but also the Secretaries of the Army and Air Force. They asked that the state divorce decrees be declared invalid insofar as they required payment of retired pay to their former wives or, in the alternative, for a declaration that the husbands were no longer subject to recall to active duty.
 
 
 3
 The complaints were dismissed on the basis of the domestic relations exception to diversity jurisdiction and the failure of the officers to state a federal claim other than as a defense to a claim based entirely on state law. These appeals followed.
 
 
 4
 While the appeals were pending, Congress passed the Uniform Services Former Spouses' Protection Act (FSPA), permitting state courts to treat retired pay as either personal or community property in accordance with state law. 10 U.S.C. Sec. 1408(c)(i).
 
 Federal question jurisdiction
 
 5
 Appellants argue their claims arise under federal law because their rights to military retired pay are determined by federal statute. They also argue federal question jurisdiction flows from their claims against the federal defendants.
 
 
 6
 The wives' claims for portions of their husbands' retired pay awarded the wives by the divorce decrees are at the heart of this litigation. These claims arise entirely under state law. The husband's federal preemption claims are defenses to these state claims. They are therefore not claims arising under the laws of the United States. See Whittington v. Whittington, 733 F.2d 620 (9th Cir.1984); Armstrong v. Armstrong, 696 F.2d 1237 (9th Cir.1983). The same is true for appellants' claim, raised for the first time on appeal, that the FSPA is unconstitutional. This conclusion is not altered by the fact that appellants seek declaratory relief. Appellants' proper course is to assert their federal preemption defenses and unconstitutionality claims in the state court actions and, if rejected there, to seek review in the United States Supreme Court. Whittington, supra.
 
 
 7
 The district court may well have had federal question jurisdiction over appellants' claims against the Secretaries of the Army and Air Force. The contention underlying these claims is that military retired pay is actually reduced compensation for current services, see McCarty, 453 U.S. at 222-23, 101 S.Ct. at 2736; Costello v. United States, 587 F.2d 424, 426 (9th Cir.1978), including exposure to recall to active duty at any time. 10 U.S.C. Sec. 688(a). Appellants argue that if they are no longer to be paid for this service they cannot be required to perform it. They therefore ask that if the decrees are held valid despite appellants' arguments, the Secretaries be required to remove appellants' names from the active duty recall roster. Jurisdiction to hear this claim is asserted under 28 U.S.C. Secs. 1331, 1332, and 1361.
 
 
 8
 In view of our holding that appellants must pursue their claims in state court, appellants' claims against the Secretaries of the Army and Air Force are not ripe for resolution. Ripeness has " 'a twofold aspect, ... the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' " Pence v. Andrus, 586 F.2d 733, 737 (9th Cir.1978) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967)).
 
 
 9
 State court proceedings are ongoing. Until these proceedings are completed and it has been determined that appellants must relinquish a portion of their retired pay, a decision by this court on the claims against the federal defendants would be premature. See Bergstrom v. Bergstrom, 623 F.2d 517, 519-20 (8th Cir.1980); Rhodes v. Laurino, 601 F.2d 1239, 1241 (2d Cir.1979); Mendez v. Heller, 530 F.2d 457, 461 (2d Cir.1976) (Oakes, J., concurring).
 
 
 10
 Even were we to assume an adverse decision by the state court, another contingency would remain. Until the Secretaries take some action to enforce appellants' military obligations, any decision by this court would address a purely hypothetical situation. There is no indication either appellant faces recall. Appellants' claims against the federal defendants are therefore unfit for judicial resolution because they are contingent both upon a decision of the state court not yet final and an administrative action not yet taken. See Toilet Goods Ass'n. v. Gardner, 387 U.S. 158, 163-64, 87 S.Ct. 1520, 1524, 18 L.Ed.2d 697 (1967).
 
 
 11
 Moreover, until appellants demonstrate a "threat of significant and immediate impact" from Secretarial action, Kerr-McGee Chemical Corp. v. United States Dept. of Interior, 709 F.2d 597, 600 (9th Cir.1983), denial of jurisdiction works no hardship on appellants and their claim based upon potential recall for active duty is not ripe. Id. at 602.
 
 
 12
 We reach the same conclusion regarding appellants' argument that the garnishment provision of the FSPA, 10 U.S.C. Sec. 1408(d)(5), under which the Secretary may remit retired pay directly to former spouses, provides the court with jurisdiction. The claim that this provision is contrary to the requirements of McCarty is not ripe for adjudication until a garnishment order is served upon the Secretary.
 
 Diversity jurisdiction
 
 13
 Although the order in Fern v. Turman is somewhat ambiguous, we conclude that in both cases the district court indicated an intention to exercise its discretion to decline jurisdiction based on the domestic relations exception to diversity jurisdiction. In the circumstances of these cases neither court abused its discretion.
 
 
 14
 A federal court has jurisdiction over cases when domestic relations issues are implicated only tangentially, Csibi v. Fustos, 670 F.2d 134, 137 (9th Cir.1982), but may decline to exercise that jurisdiction where the issues involved are closely related to issues within the domestic relations exception and considerations of comity and policy counsel against federal court intervention. Id.; Lloyd v. Loeffler, 694 F.2d 489, 492 (7th Cir.1982); Sutter v. Pitts, 639 F.2d 842, 843 (1st Cir.1981); see also Bergstrom v. Bergstrom, 623 F.2d 517, 520 (8th Cir.1980); Huynh Thi Anh v. Levi, 586 F.2d 625, 632 (6th Cir.1978); Armstrong v. Armstrong, 508 F.2d 348, 350 (1st Cir.1974); Phillips, Nizer, Benjamin, Krim & Ballon v. Rosentiel, 490 F.2d 509, 516 (2d Cir.1973). Both of the cases before us fall in this category.
 
 
 15
 Appellants requested the district court to invalidate a term of their divorce decrees based upon an interpretation of federal law. Such a decision would likely require the state courts to determine whether compensating alterations in the decree, such as the addition or alteration of support terms, are necessary. There are ongoing proceedings in state court in both cases. The federal questions have been raised in these proceedings and can be addressed simultaneously with the question of any necessary modifications in the decree. Equitable considerations favor the resolution of the federal question and any resulting state law questions in a single proceeding. That can only be accomplished in the state court since the federal court could not modify the state court decrees. Duplicative and piecemeal litigation, and the resulting potential for inconsistent state and federal decrees, are avoided and judicial economy is served by allowing these issues to be resolved in state court. See Lloyd v. Loeffler, 694 F.2d at 492; Bennett v. Bennett, 682 F.2d 1039, 1043-44 (D.C.Cir.1982); Huynh Thi Anh, 586 F.2d at 633; Armstrong v. Armstrong, 508 F.2d at 350.
 
 
 16
 The cases relied upon by appellants are distinguishable. Ridgway v. Ridgway, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), was on appeal from a state court judgment and presented no question of lower federal court jurisdiction. Crouch v. Crouch, 566 F.2d 486 (5th Cir.1978), involved an attempt to enforce a final state decree, not an attempt to modify such a state decree. Moreover, no state court proceedings were pending. Erspan v. Badgett, 647 F.2d 550 (5th Cir.1981) is a similar case.
 
 
 17
 Another consideration supports our conclusion. The decision to entertain a claim for declaratory relief rests within the discretion of the court, see, e.g., Doe v. Gallinot, 657 F.2d 1017, 1024 (9th Cir.1981), and "[t]he fact that another action, involving substantially the same issue, is pending in a state or federal court is a potent factor in discretionary refusal to assume jurisdiction." Puerto Rico Int'l Airlines, Inc. v. Recio, 520 F.2d 1342, 1346 (1st Cir.1975) (quoting 6A Moore's Federal Practice p 57.08 at 57-43 (3d Ed.1974). Judicial discretion to refuse to entertain declaratory actions "should be employed to avoid uncoordinated and unnecessarily disruptive adjudications of disputes in which state and federal issues are intertwined." Geni-Chlor Int'l, Inc. v. Multisonics Devel. Corp., 580 F.2d 981, 985 (9th Cir.1978).
 
 
 18
 We also note that the usual reason for the exercise of diversity jurisdiction--protection of out of state litigants from state court prejudice--is not applicable here. Both husbands are citizens of California and presumably face no prejudice from California courts. See Lloyd v. Loeffler, 694 F.2d at 493; Phillips, Nizer, Benjamin, Krim & Ballon v. Rosentiel, 490 F.2d at 515.
 
 
 19
 AFFIRMED.