**SAFECO TITLE INSURANCE COMPANY OF IDAHO, a corporation, Plaintiff,**

v.

**Robert HOLTER, District Judge of the Nineteenth Judicial District of the State of Montana, Defendant.**

No. CV 85–191–M–CCL.

United States District Court, D. Montana, Missoula Division.

Nov. 1, 1985.

Richard DeJana, Kalispell, Mont., for plaintiff.

Mike Young, Montana State Torts & Claims Div., Helena, Mont., for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Plaintiff seeks preliminary and permanent injunctive relief against State District Judge Robert Holter, enjoining him from including plaintiff in the retrial of a case previously tried before a jury in Judge Holter's court.

Plaintiff (Safeco) was a party defendant in a state court suit brought by husband and wife property owners (Dobles) against Safeco and Lincoln County Title Company for negligence in the issuance of a title commitment. In the state action, the Dobles sought, *inter alia*, attorneys fees incurred in a nunc pro tunc action to correct the title problems. Judgment was entered upon the jury's verdict in favor of the Dobles and against Lincoln County Title in the amount of $34,582.66, and in favor of Safeco and against the Dobles in the amount of $4,172.85. Lincoln County Title appealed from the judgment, but the Dobles did not.

On appeal, the Supreme Court of Montana reversed the District Court and ordered a new trial. Safeco claims that since it was not a party to the appeal and since the Supreme Court did not specifically reverse the judgment against the Dobles in favor of Safeco, the original judgment in favor of Safeco stands and Safeco cannot be made a party to the new trial. Thus, Safeco has filed this action under 42 U.S.C. § 1983, claiming imminent threat of deprivation of its property rights in and to the judgment and seeking to enjoin Judge Holter from proceeding against it in the retrial. Safeco has also requested a hearing for preliminary injunction.

There are three issues to be resolved before a hearing may be granted. First, does the Court have jurisdiction over Safeco's action? Second, should the court abstain from hearing the action? Third, should the complaint be dismissed for failure to state a claim upon which relief can be granted? For the reasons set forth below, I resolve the first two issues in Safeco's favor, but conclude that the action will be dismissed without a hearing for failure to state a claim.

The first issue is whether this Court has jurisdiction to hear Safeco's claim. The Federal Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a state court...." 28 U.S.C. § 2283. However, civil rights actions under Section 1983 are among the exceptions to the Act that have been expressly authorized by Act of Congress. *Goldie's Book Store v. Superior Court for the State of California*, 739 F.2d 466 (9th Cir.1984). The United States Supreme Court has held that in order to stay a cause of action under Section 1983, a plaintiff must allege only that some person has deprived him of a federal right and that such person acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). The Court of Appeals for the Ninth Circuit has held that district courts have subject matter jurisdiction over suits brought under Section 1983 even when the state action allegedly violating plaintiff's federally protected right takes the form of state court proceedings. *White v. White*, 731 F.2d 1440 (9th Cir. 1984).

In *Miofsky v. Superior Court, State of California, etc.*, 703 F.2d 332 (9th Cir.1983), the issue presented was "whether a federal district court has jurisdiction to entertain an action brought under Section 1983 to restrain a state court from conducting litigation in a manner that would allegedly deprive a party of rights guaranteed by the United States Constitution." The court in *Miofsky* concluded that district courts do have jurisdiction over such claims. Generally, in order to invoke jurisdiction under § 1983 a complaint must fulfill two criteria: (1), it must claim a right to recover under the Constitution and laws of the United States, and (2), the claim must

not be wholly insubstantial and frivolous. *Jackson Transit Authority v. Local Division 1285,* 457 U.S. 15, 102 S.Ct. 2202, 72 L.Ed.2d 639 (1982). Thus, if the complaint satisfies these two criteria, the rule in *Miofsky* requires this court to accept jurisdiction. On its face, the complaint claims violation of constitutionally protected rights and does not appear to be frivolous. Therefore, under the rule of *Miofsky* and its progeny, this Court must accept jurisdiction over the action.

The second issue is whether the court should abstain from hearing the plaintiff's case. The Ninth Circuit in *Miofsky* stated that the question whether subject matter jurisdiction exists is different from the question whether a federal district court should, in deference to principles of comity and federalism, abstain from exercising its jurisdiction in order to avoid interfering with ongoing state judicial proceedings. 703 F.2d at 334. The court cautioned that the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is not to be "applied indiscriminately to civil proceedings." *Id.* The court concluded that "unless 'vital state interests' are at stake, federal district courts are not proscribed from interfering with ongoing state civil proceedings when necessary to vindicate federally protected civil rights." *Id.* at 338, quoting *Middlesex County Ethics Commission v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Thus the court held that the *Younger* doctrine did not apply where federal jurisdiction was invoked under Section 1983 "to restrain the state judiciary from conducting private tort litigation in a way that allegedly threatens to violate [plaintiff's] constitutional rights." *Id.*

■ The Ninth Circuit has reaffirmed *Miofsky* in several subsequent cases. In *Goldie's Bookstore v. Superior Court of State of California, supra,* the Ninth Circuit cited *Middlesex* for its three requirements for the proper invocation of the *Younger* abstention doctrine. These requirements are (1) that there are ongoing state proceedings (2) that the proceedings implicate important state interests and (3) that there is an adequate opportunity in the state proceedings to raise federal questions. In *Goldie's Bookstore,* the court relied on *Miofsky,* stating that there were no vital state interests where there is simply litigation between two private parties. The Court again concluded that abstention was improper. The Ninth Circuit has based several other decisions holding abstention improper on this second requirement that an important state interest must be involved. The court has implied that *Younger* abstention is not appropriate in civil cases except in limited situations which bear similarities to criminal proceedings or otherwise implicate state interests vital to the *operation* of state government. *Playtime Theaters, Inc. v. City of Renton,* 748 F.2d 527 (9th Cir.1984). *Accord, Champion International Corporation v. Brown,* 731 F.2d 1406 (9th Cir.1984). Based upon these decisions, this Court will not abstain from considering the complaint at issue.

Having assumed jurisdiction and determined abstention to be improper, my review of the pleadings and supporting exhibits persuades me that this case should be dismissed under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim. An action may be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). This standard has been applied to civil rights actions as well. *Wirth v. Surles,* 562 F.2d 319, 45 A.L.R.Fed. 864 (4th Cir. 1977), *cert. denied,* 435 U.S. 933, 98 S.Ct. 1509, 55 L.Ed.2d 531. In order to state a cause of action under Section 1983, the plaintiff must allege at least some act which has deprived him of a right, privilege or immunity secured by the Constitution and laws of the United States. *Holder v. Claar,* 459 F.Supp. 850 (D.C.Colo.1978).

■ Safeco has clearly misinterpreted the opinion of the Supreme Court of Mon-

tana remanding the case for new trial. The Supreme Court's order is *not* limited to Lincoln County Title or to a particular part of the judgment. Its express language is: "We reverse the district court and order a new trial." Safeco erroneously relies upon the Supreme Court's determination of the second issue on appeal in support of its argument that the court intended to exclude it from the new trial. In particular, Safeco relies on the language the court used in holding "that the verdict and judgment against Lincoln County Title Company *only* is not supported by the evidence." Slip Op. at Pg. 6 (emphasis added). Safeco reads this holding entirely out of context. Issue Number 2 was whether the verdict and judgment against Lincoln County Title Company were contrary to law and the evidence. The opinion refers to agreed facts taken from the pretrial order that Lincoln County Title Company was an agent of Safeco for the purpose of selling title insurance; it also makes reference to an instruction given to the jury that a principal is bound by the acts of his agents. On this basis, the court concluded that the jury properly could not have returned a verdict against the agent Lincoln County Title Company and in favor of the principal, Safeco. Thus the court held that the verdict against Lincoln County Title alone was not supported by the evidence.

 Safeco's action is based upon an alleged property right in the district court judgment. However, there can be no property right in a nonexistent judgment. Reversal of a judgment makes it void as if never rendered. *O'Brien v. Great Northern Railroad Company*, 148 Mont. 429, 421 P.2d 710 (1966), *cert. denied*, 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 974. The Supreme Court of Montana has held that reversal extends to those issues which the appellate court decided in actuality or by necessary implication. *Aye v. Fix*, 626 P.2d 1259 (Mont.1981).

It is clear in this case that the Supreme Court's order encompasses the entire judgment of the district court and that Safeco remains a party to the action. Thus Safeco can prove no set of facts in support of its claim which would entitle it to relief.

THEREFORE, IT IS HEREBY ORDERED that the plaintiff's motion for preliminary injunction is DENIED and the complaint is DISMISSED in its entirety with prejudice.