

Gary Benjamin, and Richard Perrey, Benjamin and Perrey, Spokane, Wash., for plaintiffs-appellants.

James Johnson, Office of the Atty. Gen., Olympia, Wash., for defendants-appellees State of Wash.

Carroll Gray, Dept. of Defense, Office of the U.S. Atty., Spokane, Wash., for defendants-appellees Dept. of Defense.

Robert Greenspan and Robert Zener, Dept. of Justice, Washington, D.C., for defendants-appellees Dept. of Defense.

**Leroy S. WILLIAMS, et al., Plaintiffs–Appellants,**

**v.**

**The STATE OF WASHINGTON, et al., Defendants–Appellees.**

**No. 87–3709.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 1987 *.

Memorandum Filed Nov. 6, 1987.

Order and Opinion Jan. 16, 1990.

Before ANDERSON, NORRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Appellants appeal from a district court decision dismissing their claims for lack of subject matter jurisdiction, Fed.R.Civ.P.

---

1. The Honorable William J. Hungate, United States District Judge for the Eastern District of Missouri.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

12(b)(1), and alternately for failure to state a claim under which relief can be granted, Fed.R.Civ.P. 12(b)(6).

Appellants are active and retired members of the Uniform Military Services. Each has been divorced in the State of Washington and is subject to a final divorce decree that grants part of his military retirement pay to his ex-spouse. Appellants brought an action in district court seeking: (1) a declaratory judgment defining the legal character of military retirement pay (i.e., declaring that the Washington decrees are invalid); (2) a declaratory judgment that Washington courts are applying the state law on which the decrees are based in an unconstitutional manner; and (3) an injunction directing the federal defendants not to disburse military retirement pay in accordance with the invalid Washington divorce decrees. Appellants sought no monetary damages.

Relying on three Ninth Circuit cases, the district court dismissed these claims for want of subject matter jurisdiction. The court also dismissed the claims for failure to state a claim upon which relief can be granted. We uphold the dismissal for lack of subject matter jurisdiction; therefore, we do not reach the issue of failure to state a claim.

We review de novo the existence of subject matter jurisdiction. *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 538 (9th Cir.1985).

In a series of cases involving challenges to military retirement pay division under state divorce decrees, this court has invoked the well-pleaded complaint rule to determine that subject matter jurisdiction did not exist. *See Fern v. Turman*, 736 F.2d 1367 (9th Cir.1984), *cert. denied*, 469 U.S. 1210, 105 S.Ct. 1177, 84 L.Ed.2d 326 (1985); *Whittington v. Whittington*, 733 F.2d 620 (9th Cir.1984); *Armstrong v. Armstrong*, 696 F.2d 1237 (9th Cir.), *cert. denied*, 464 U.S. 933, 104 S.Ct. 337, 78 L.Ed.2d 306 (1983).

In *Whittington*, a California court had awarded almost half of a divorced man's military retirement pay to his ex-wife as part of a property settlement. Years after the divorce proceedings, in a federal court action, the man sought declaratory and injunctive relief from the California court's judgment. Relying on our previous decision in *Armstrong*, we applied the well-pleaded complaint rule and held that federal question jurisdiction was lacking because the federal issues raised in the attack on the California judgment had validity only as defenses to the state court judgment. 733 F.2d at 621. We further noted that the federal defenses could have been raised in the original state court property settlement. Had the state failed to recognize the defenses, the appellant could have obtained review by appeal to the Supreme Court. We rejected the claim that lack of post-judgment opportunity to raise federal defenses affected the result. *See also Fern*, 736 F.2d at 1368–69 (proper course in challenge to divorce decrees is to assert federal preemption and unconstitutionality claims in state court actions).

Appellants' framing of the issue makes this appeal indistinguishable from *Whittington:* "The case at bar is simply an action seeking judicial declaration, declaratory relief, as to what is the character of military retired/retainer pay." Appellants' Reply Brief at 3. Appellants' only use for this declaration would be as a defense to the Washington divorce decrees. Their only attempt to distinguish *Whittington* and *Armstrong* appears in the reply brief in which Appellants claim that these cases are not on point because they were not "ripe." *Id.* at 4–5. This is not persuasive.

*Whittington, Armstrong,* and *Fern* are controlling. The district court properly dismissed Appellants' action for lack of subject matter jurisdiction.

AFFIRMED.