956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie JOHNSTONE, Plaintiff-Appellant,
v.
Val JUST, in her official and individual capacities, and
McMinnville School District No. 40, Defendant-Appellees.
 No. 90-35685.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1992.
Decided March 3, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Leslie Johnstone, a teacher in the McMinnville School District No. 40 ("District"), filed suit against the District and Val Just, Director of Personnel for the District, under 42 U.S.C. § 1983. Johnstone also brought a number of state law tort claims. The district court dismissed her § 1983 action for failure to state a claim, denied her leave to amend, and dismissed her pendent state law claims. We affirm the district court decision as to the District's liability for events involving Val Just. However, the district court improperly dismissed Johnstone's complaint as to Val Just. Moreover, we find that the district court did not expressly consider whether Johnstone had stated a § 1983 claim against the District for passing a resolution restricting picketing activities. Therefore, we affirm in part and remand in part.
 
 FACTS
 
 3
 In February 1990, McMinnville school teachers decided to strike. In anticipation, the District passed an "emergency resolution" restricting the manner in which the teachers could conduct their strike. In particular, the resolution required picketers to stay clear of "any driveway or parking lot area adjacent to any school site."
 
 
 4
 On February 9, 1990, Johnstone was picketing on a public sidewalk adjacent to the McMinnville Middle School. Johnstone was standing on a section of sidewalk that crossed a driveway leading into a school parking lot. According to Johnstone, defendant Just drove her car into the picket line as she was leaving the school premises, striking and injuring Johnstone. After the collision, the District issued a press release in which it claimed that the accident was "staged" and that Johnstone had "faked" her injuries. This press release was carried widely in local papers.
 
 
 5
 Johnstone filed suit against the District and Just under 42 U.S.C. § 1983. The district court dismissed Johnstone's complaint, finding 1) that Johnstone had failed to state a § 1983 claim against Just because Johnstone had not alleged "a sufficient connection or relationship between Just's driving and her position as Personnel Director as it relates to the District," and 2) that Johnstone had not stated an § 1983 claim for harm in connection with the press release because reputational injury is not a cognizable harm under § 1983. The court denied Johnstone leave to amend her complaint, and dismissed her pendent state claims.
 
 DISCUSSION
 A. Standard of Review
 
 6
 We review de novo a district court's dismissal of a complaint for failure to state a claim. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989). A dismissal without leave to amend is also reviewed de novo. Whittington v. Whittington, 733 F.2d 620, 621 (9th Cir.1986).
 
 B. Analysis
 
 7
 (1) The District's Press Release: We find that the district court correctly dismissed Johnstone's claim with respect to the District's press release. A § 1983 plaintiff cannot prevail unless she can show that a state actor deprived her of rights and privileges protected by the Constitution or federal laws. Even if we assume that the publication damaged Johnstone's reputation, Johnstone fails to state a claim because having one's reputation damaged does not constitute a due process deprivation within the meaning of § 1983. Paul v. Davis, 424 U.S. 693 (1976).
 
 
 8
 This circuit therefore permits § 1983 claims of this sort only when the defamation which causes reputational damage is accompanied by additional harm. Compare Fleming v. Dep't of Public Safety, 837 F.2d 401 (9th Cir.), cert. denied, 488 U.S. 889 (1988) (reputational injury delaying job offer by a few days not a "cognizable injury" under § 1983) with Brady v. Gebbie, 859 F.2d 1543, 1552-53 (9th Cir.1988) (employee stigmatized during the course of discharge has sustained a harm cognizable under § 1983).
 
 
 9
 Johnstone claims that as a state certified teacher, she is subject to continuing professional regulation and must demonstrate on an ongoing basis "good moral character." She argues that an accusation of dishonesty, especially by her employer, may interfere with future certification. However, plaintiff retains her teaching position. She has not hinted at even a threat of disciplinary sanctions. We conclude that the only injury she may have suffered is reputational, injury not actionable under § 1983.
 
 
 10
 (2) Val Just's Actions: We agree that Johnstone's complaint fails to state a claim with respect to Just's actions. In order to state a claim under § 1983, a plaintiff must identify a person acting under color of state law as the perpetrator of her injury. Alleging that Just, acting in her official capacity as Personnel Director, "consciously chose to drive in this dangerous manner because of the picketing and emergency resolutions adopted by the District and defendant's desire to intimidate and harass teachers engaged in labor picketing," is not enough.
 
 
 11
 However, we are not prepared to say that "it appears beyond a doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Love v. United States, 871 F.2d 1488, 1491 (9th Cir.1989). Johnstone may be able to allege facts sufficient to support a cause of action against Just personally for "acting under color of state law" as Director of Personnel. In any event, we think the district court should have granted Johnstone leave to amend her complaint as to Just's liability at least once. We therefore remand for that purpose.
 
 
 12
 3) The District's Emergency Resolution: Johnstone's final claim is that the District violated her First Amendment rights by passing the emergency resolution. Reviewing the district court's order, we find that the district court did not expressly consider whether the resolution itself--independent from defendant Just's conduct and its connection to District policy--constituted a violation of Johnstone's constitutional rights. We thus remand to give the district court the opportunity to determine whether Johnstone may bring a § 1983 suit against the District on this ground.[1]
 
 
 13
 (4) Jurisdiction over Pendent State Law Claims: Jurisdiction over pendent state law claims is discretionary. "When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim[s]." Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir.1981). The district court dismissed Johnstone's state claims after dismissing her federal claims. On remand, depending on its disposition of Johnstone's federal claims, the district court is free to reconsider its decision to dismiss the state claims.
 
 CONCLUSION
 
 14
 We AFFIRM the district court's dismissal of Johnstone's § 1983 claims with respect to the District's press release. We REMAND to permit Johnstone to amend her complaint with respect to defendant Just's liability and so that the district court may determine whether Johnstone has stated and may proceed with an independent claim against the District for passing the emergency resolution.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's oversight may have been caused by the fact that the plaintiff's complaint focussed on the clause banning picketers from a "driveway or parking lot area" near the school (the clause related to her claim against Just), rather than the entire resolution. Nevertheless, we think that paragraphs 23 and 24 do independently challenge the resolution; we note as well that the entire resolution is appended to the complaint