967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthew R. DESCAMPS, Plaintiff-Appellant,
v.
Richard ANDRES, et al., Defendants-Appellees.
 No. 91-36242.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthew R. Descamps appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action.[1] A court's sua sponte dismissal of a complaint before issuance and service of process upon the defendants is construed as a dismissal as frivolous under 28 U.S.C. § 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We review for an abuse of discretion, Denton v. Hernandez, 60 U.S.L.W. 4364, 4348 (May 4, 1992), and we affirm.
 
 
 3
 A frivolous claim is one which lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989); accord Hernandez, 60 U.S.L.W. at 4348. A district court must afford a pro se plaintiff notice of the deficiencies of the complaint and an opportunity to amend prior to dismissal unless it is absolutely clear that the deficiencies of the complaint cannot be cured. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 In his amended complaint, Descamps claims that he discovered a picture of himself on an Officer Safety Bulletin in his file at the County jail with a "bullseye" drawn on his forehead. Descamps also states there were insulting words on the picture which were later whited out. Descamps claims that the altered picture represents a death threat by one of the corrections officers at the jail because they are the only individuals who have access to his file other than the office personnel. Descamps further contends that he has been slandered by the defendants. Descamps sought a transfer to another jail, assistance in relocation upon release, the arrest of the persons who threatened him, the right to carry a loaded firearm, and a new name and social security number.
 
 
 5
 After allowing Descamps an opportunity to amend his complaint, the district court dismissed Descamps's complaint because his claims lacked an arguable basis in law or fact. We agree with the district court's order of dismissal.
 
 
 6
 Mere threats, abusive language, or verbal harassment by prison officials do not support a section 1983 claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 137 (9th Cir.1987) (citing Collins v. Cundy, 603 F.2d 825, 827 (9th Cir.1986)). Here, Descamps has not even shown that he has been threatened, although he interprets the picture of him as such.
 
 
 7
 Further, allegations of slander are not actionable under section 1983. See Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986) (damage to reputation, standing alone, cannot state a claim for relief under section 1983 because reputation is neither property nor liberty guaranteed against state deprivation without due process of law). Because Descamps's claims lack an arguable basis in law and fact, the district court did not err in dismissing his action. See Neitzke, 490 U.S. at 324; accord Hernandez, 60 U.S.L.W. at 4348.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ordinarily, an order dismissing a complaint but not the underlying action is not a final appealable order. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171-72. An exception to the rule applies, however, when it appears that the district court intended to dispose of the entire action
 Here, although the district court's order only dismissed Descamps's complaint, the court's language indicated that it intended to dismiss the action. We therefore have jurisdiction to hear this appeal. See id.; Whittington v. Whittington, 733 F.2d 620, 621 (9th Cir.1984) (dismissal of complaint without leave to amend was final and appealable).