**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD WENGER, VeteranHope.org, on behalf of the United States of America, and other veterans under similar circumstances, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> Judge JAMES T. WARREN; RICHARD. R. MUIR; and STATE OF CALIFORNIA, <br><br> Defendants – Appellees. | No. 24-7194 <br><br> D.C. No. 5:24-cv-02211-PA-PD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 22, 2026[**]

Before:      LEE, DESAI, and JOHNSTONE, Circuit Judges.

Donald Wenger appeals pro se from the district court's judgment dismissing

sua sponte his action arising out of state court proceedings. We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1085-86 (9th Cir. 2014) (sua sponte dismissal for lack of subject matter jurisdiction); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine).  We affirm.

The district court properly dismissed Wenger's action as barred by the *Rooker-Feldman* doctrine because his claims amounted to a forbidden "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment.  *See Noel*, 341 F.3d at 1163-66 (discussing proper application of the *Rooker-Feldman* doctrine).  Although *Rooker-Feldman* does not bar a collateral challenge to "a state court judgment entered in a case that falls within the federal courts' exclusive jurisdiction," *Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007), Wenger has failed to establish that this exception applies in this case, *see Fern v. Turman*, 736 F.2d 1367, 1368 (9th Cir. 1984) (explaining that the Uniform Services Former Spouses' Protection Act permits state courts to treat retired pay as either personal or community property in accordance with state law).

**AFFIRMED.**