Donald W. KENISTON,
Plaintiff-Appellant,

v.

Richard L. ROBERTS, Bendt A. Pedersen, Vince Hecox, the County of San Bernardino, and Southern California Edison Company, Defendants-Appellees.

No. 82–5931.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 1983.

Decided Oct. 5, 1983.

Edison P. McDaniel, San Bernardino, Cal., for plaintiff-appellant.

Joseph Arias, MacLachlan, Burford & Arias, San Bernardino, Cal., for defendants-appellees.

Before FERGUSON and BOOCHEVER, Circuit Judges, and COYLE,* District Judge.

FERGUSON, Circuit Judge:

Keniston filed claims under 42 U.S.C. §§ 1983 and 1985 alleging that Southern California Edison Company ("Edison"), under the auspices of the County of San Bernardino ("County"), had removed an electrical fuse and meter from and cut off electrical power to his residence without notice. The defendants moved to dismiss under Fed.R.Civ.P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. The district court found that the complaint was "insufficient to provide [federal] jurisdiction," and dismissed the action without leave to amend the complaint.

On appeal Keniston contends that, even if his original complaint failed to state a claim for relief, it did contain sufficient allegations to invoke federal jurisdiction. He argues further that because he could, by amendment, have stated a claim sufficient to withstand a 12(b)(6) motion to dismiss, it was an abuse of discretion for the court to refuse him permission to amend the complaint. We agree.

FACTS:

Keniston's complaint alleged the following: In December 1981, while he was temporarily away from home, Edison disconnected utility hook-ups, including heat and electricity, from his residence. Edison took the action at the direction of various officials of the County, specifically a director of the County Department of Environmental Health Services and a supervisor and an inspector of the Housing and Property Improvement Section of that department. These officials purported to act pursuant to § 1672 of the Mobilhome Parks Act of

Cal.Admin.Code tit. 25, R. (1979), which authorizes the department to order a utility company "supplying gas to a mobilehome park to disconnect any gas piping or equipment found to be defective and in such condition as to endanger life or property." Keniston's residence is not a mobilehome park, nor is it located within one. However, he alleges that it is a "custom or usage" of Edison, the County officials, and the County itself to use this statute as an excuse to disconnect utilities from residences which are not subject to the Mobilehome Parks Act. Here he alleges that these actions violated his rights under the fourteenth amendment, discriminating against him by denying him both "due process and the equal protection of the law." He seeks compensation for $3,000 in property damage, which includes the loss of food stored in a freezer, the death of pet fish, and damage to various appliances. The complaint also seeks additional amounts for the denial of his federal rights.

Defendants moved to dismiss the complaint on two grounds: lack of subject matter jurisdiction and failure to state a claim. The district court, ruling only on the first ground, dismissed with prejudice.

DISCUSSION:

I. Federal Jurisdiction.

42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Its jurisdictional counterpart is similar:

(a) The district courts shall have original jurisdiction of any civil action autho-

* Hon. Robert E. Coyle, United States District Judge for the Eastern District of California, sitting by designation.

rized by law to be commenced by any person:

. . . .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1343.

■ Because of the similarity, the issue of whether a complaint states a claim upon which relief can be granted under section 1983 and the issue whether the court has jurisdiction under section 1343 are somewhat difficult to separate. The distinction, however, was clarified in *Jackson Transit Authority v. Local Division 1285,* 457 U.S. 15, 102 S.Ct. 2202, 72 L.Ed.2d 639 (1982). In that case the Court held that a union had not stated a claim for federal relief but that, "strictly speaking, the District Court had jurisdiction under 28 U.S.C. § 1331 to hear the union's suit." 457 U.S. at 21 n. 6, 102 S.Ct. at 2206 n. 6. Although a brief concurrence merges the questions of adequate federal claim and federal jurisdiction, 457 U.S. at 29–30, 102 S.Ct. at 2210–2211 (Powell, J., concurring), the majority opinion clearly separates these issues. In order to invoke federal jurisdiction "for the purposes of determining whether [the plaintiff] stated a cause of action on which relief could be granted," *id.* at 21 n. 6, 102 S.Ct. at 2206 n. 6, the complaint must fulfill only two criteria: (1) it must "claim a right to recover under the Constitution and laws of the United States," and (2) the claim must not be "wholly insubstantial and frivolous." *Id.* (*quoting Bell v. Hood,* 327 U.S. 678, 681, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)).

This circuit applied the distinction set forth in *Jackson* to an action under section 1983 in *Miofsky v. Superior Court,* 703 F.2d 332, 335 n. 4 (9th Cir.1983):

We do not decide at this stage of the litigation whether Miofsky's complaint states a cause of action upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). In deciding that the district court has subject matter jurisdiction, we determine only that Miofsky's complaint states a colorable claim for relief under § 1983 that is not "wholly insubstantial and frivolous."

(Citation omitted).[1]

■ Thus the first question to be addressed is whether Keniston's complaint "states a colorable claim for relief under § 1983 that is not 'wholly insubstantial and frivolous.'" We conclude that it does. Keniston has specifically alleged that the defendants acted under color of state law, and that the actions deprived him of rights secured by the fourteenth amendment. Claims of deprivation of property without due process and denial of equal protection are raised by the complaint. We turn first to the due process claim.

The destruction of Keniston's stored food, fish and appliances—clearly alleged in the original complaint—amounts to a deprivation of property. In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), prison officials had lost in their mail-sorting processes a package of hobby materials ordered by Parratt. The Supreme Court stated that "[u]nquestionably, respondent's claim satisfies three prerequisites of a valid due process claim: the petitioners acted under color of state law; the hobby kit falls within the definition of property; and the alleged loss, even though negligently caused, amounted to a deprivation." 451 U.S. at 536–37, 101 S.Ct. at 1913 (footnote omitted). If a lost kit amounts to a deprivation of property, destroyed food, pets, and appliances also qualify.

---

1. This circuit did affirm, in a one-sentence opinion, a district court decision that refused to distinguish between a dismissal for lack of subject matter jurisdiction and a dismissal for failure to state a claim in a civil rights action.

*Calhoun v. United States,* 604 F.2d 647 (9th Cir.1979), *aff'g* 475 F.Supp. 1 (S.D.Cal.1977). The case preceded *Jackson,* however, and the lack of distinction was unnecessary to the result.

In addition, the California Public Utilities Code grants users of public utilities certain notice and hearing rights with respect to terminations for nonpayment.

§ 779. Termination of residential service for non-payment of delinquent accounts; notice; time; complaint or investigation of dispute; amortization of delinquency:

a. No electrical, gas, heat, or water corporation may terminate its service to a residential dwelling on account of non-payment of a delinquent account unless the corporation first gives notice of such delinquency and impending termination, at least 7 calendar days prior to the proposed termination by first class mail addressed to the customer to whom the service is billed.

b. No such corporation shall effect termination of service to a residential dwelling for non-payment during the pendency of an investigation by the corporation of a customer dispute or complaint.

§ 780. Termination of services on weekends, legal holidays, or time when business office not open:

No electrical, gas, heat, or water corporation shall, by reason of delinquency in payment for any electric, gas, heat, or water services, cause cessation of any such services on any Saturday, Sunday, legal holiday, or at any time during which the business affairs of the corporation are not open to the public.

Cal.Pub.Util.Code §§ 779, 780. In the absence of any countervailing provisions, these provisions might suffice to provide a state-created property interest in continued electrical power under the due process analysis mandated by *Goldberg v. Kelly,* 397

U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and *Board of Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972).[2] We do not decide at this stage of the litigation whether the provisions do in fact create such a property interest. We determine only that possibility of such a property interest states a colorable claim for relief under section 1983 that is not "wholly insubstantial and frivolous." Keniston did not cite the California Utility Code provisions in his original complaint. He did, however, allege that the termination was not in accordance with law. It is not necessary that a complaint drawn under section 1983 set out the particular portion of the Constitution or law securing the right of which plaintiff has been deprived, so long as the court can ascertain from the confines of the Constitution or law that such rights exist. *Beauregard v. Wingard,* 230 F.Supp. 167, 177 (S.D.Cal.1964). Keniston's allegations, while perhaps insufficient to withstand a 12(b)(6) motion, are sufficient to invoke federal jurisdiction.

Defendants argue that, even if Keniston has alleged a deprivation of property, a state tort action can provide all the process necessary. A full analysis of that contention is not properly part of the jurisdictional determination. *See Parratt v. Taylor,* 451 U.S. at 541–44, 101 S.Ct. at 1916–17 (adequacy of process in negligent deprivation decided on 12(b)(6) challenge); *Matthews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976) (adequacy of process is part of determination of merits). It is sufficient at this stage of the analysis simply to conclude that, as our later discussion makes clear, the allegations of insufficient process are not "wholly insubstantial and frivolous."

---

**2.** In a more speculative vein, under recent Supreme Court decisions, the right to exclude others from land has been held to be a property right for the purpose of requiring just compensation when the government "takes" it. "In this case, we hold that the 'right to exclude,' so universally held to be a fundamental element of the property right, falls within th[e] category of interests that the Government cannot take without compensation." *Kaiser Aetna v. United States,* 444 U.S. 164, 179–80, 100 S.Ct. 383,

393, 62 L.Ed.2d 332 (1979) (footnote omitted). We need not decide, however, whether the *Kaiser Aetna* reasoning is applicable to due process claims. Keniston's complaint does not specifically allege that the defendants came onto his land in order to accomplish the shut-off. And although he apparently proposes to raise this theory in an amended complaint, it is unlikely to be reached in view of the more traditional sources of property rights discussed in text.

■ Keniston's equal protection claim, however, does not fare as well. There is no indication whatsoever that the alleged custom is directed against any class of persons. The claim is "wholly insubstantial and frivolous" and therefore inadequate to give a federal court jurisdiction over that part of the action. The equal protection claim was properly dismissed for lack of jurisdiction, but the due process claims were not.

## II. Dismissal with Prejudice.

■ Although we have concluded that the trial court was in error in dismissing for lack of jurisdiction, we must continue our analysis to determine whether the dismissal with prejudice can be upheld on a different ground,[3] i.e., failure to state a claim upon which relief can be granted.

The controlling standard, first enunciated in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), is that an action may be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." . . .

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, [1848] 23 L.Ed.2d 404 (1969). A pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions, however. *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir.1971); *Kennedy v. Landing,* 529 F.2d 987, 989 (9th Cir.1976). Additionally, the plaintiff must identify the civil rights allegedly violated in his complaint.

*Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir.1977).

■ As we have stated above, Keniston's equal protection claim was properly dismissed as wholly insubstantial and frivolous. We thus need only consider the due process claims. The complaint adequately alleges deprivation of property, but it does not indicate what process was denied. Rather, the allegations of denial of due process are "mere conclusions." *Id.* Thus, the district court could properly have dismissed the complaint for failure to state a claim. The issue remains, however, of whether the court abused its discretion in denying Keniston leave to amend.

■ Fed.R.Civ.P. 15(a) provides that amendments to a complaint may be made "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision to grant or deny leave to amend is within the discretion of the trial court, *Waits v. Weller,* 653 F.2d 1288, 1290 (9th Cir.1981), but "[o]rdinarily, leave to amend should be freely given in the absence of prejudice to the opposing party." *Id.; Wyshak v. City National Bank,* 607 F.2d 824, 826 (9th Cir.1979).

■ Leave to amend may be properly denied for reasons such as: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In the absence of such a reason, denial of leave to amend is an abuse of discretion and reversible. *Id.*

Keniston proposes to amend the complaint to add three allegations: (1) that defendants entered onto his property in order to disrupt service; (2) that defendants "denied to him the right to require a notice before his electrical power was shut off"; and (3) that defendants' failure to accord

---

**3.** In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason. *Helvering v. Gowran,* 302 U.S. 238,

245, 58 S.Ct. 154, 157, 82 L.Ed. 224 (1937); *accord, Thomas P. Gonzalez Corp. v. Consejo Nacional,* 614 F.2d 1247, 1256 (9th Cir.1980) (and cases cited therein).

him the process prescribed by the California Public Utilities Code, "in effect, caused plaintiff's property to be taken from him, that is destroyed, without any due process of law."

■ Defendants contend that leave to amend would be futile because (1) the allegations are still insufficient to establish a protected federal right, and (2) even if they are sufficient to establish a deprivation of property, state tort law provides all the process that is due. The first contention is without merit. Keniston's original complaint sufficiently alleged destruction of personal property, and we have noted that the California Public Utilities Code may create a property interest in continued electrical power as well as define the process that is due, i.e., seven days' notice and an opportunity to have any dispute investigated. While Code § 779 only defines the process due if the termination is for nonpayment, we are aware of no provision other than the Mobilehome Parks Act that allows termination with less process, and Keniston has adequately alleged that that act does not apply. We need not decide whether termination for any other reason would require more notice since Keniston has alleged that he received none at all.

The harder question is whether under the circumstances a postdeprivation, state tort action is sufficient to satisfy the requirements of federal due process. It is, of course, the central premise of *Parratt v. Taylor* that such a remedy is adequate under certain circumstances. However, defendants' argument that *Parratt* controls the determination in this case is unpersuasive.

Unlike the intentional deprivation alleged here, the actions of the prison officials in *Parratt* were merely negligent. They were not following official policy. It was the random and unauthorized nature of the deprivation which rendered a predeprivation hearing impractical in *Parratt:*

Application of the principles recited above to this case leads us to conclude the respondent has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, *the deprivation did not occur as a result of some established state procedure.* Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate *nor is there any contention that it was practicable for the State to provide a predeprivation hearing.* Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation.

451 U.S. at 543, 101 S.Ct. at 1917 (emphasis added).

In *Weiss v. Lehman,* 676 F.2d 1320 (9th Cir.1982), this circuit interpreted the adequate state remedy doctrine of *Parratt* as having a two-part test.

Our task, then, is to decide whether meaningful predeprivation process was impractical *and* an adequate postdeprivation remedy was available. If so, [plaintiff] did not suffer a deprivation of his property without due process of law.

*Id.* at 1322 (emphasis added). Thus, even if a state tort action is adequate to redress the damage to Keniston's property, we would have to find that a predeprivation hearing was impractical in order to invoke the adequate state remedy doctrine of *Parratt.*

■ In this case, defendants offered no reasons why a predeprivation hearing could not, or should not, be provided before County officials order a termination. Because the possibility of a predeprivation hearing is so unlikely in the case of a negligent deprivation, it is reasonable to require a plaintiff to establish its practicality before complaining of its denial. We fail to see, however, how such reasoning could apply to an *intentional* deprivation that is specifically alleged to be official policy. We therefore hold that, in order to obtain dismissal of a claim of intentional deprivation of property without due process on the ground that a postdeprivation hearing provides all the process that is due, the burden is on a defendant to establish that a pre-

deprivation hearing is impractical or unduly burdensome.

Our holding disposes of the contention that amendment would be futile in this case. No other ground is presented to support the denial of leave to amend. We therefore direct the district court to allow plaintiff an opportunity to amend his complaint.

The district court is affirmed in part, reversed in part, and the case is remanded for further proceedings in conformity with this opinion.