Anthony K. NALIIELUA and Debra A. Naliielua, Plaintiffs,

v.

STATE OF HAWAII, Department of Hawaiian Home Lands, John Waihee, Individually and in his Capacity as Governor of the State of Hawaii, Ilima Piianaia, Individually and in her Capacity as Former Director of Department of Hawaiian Home Lands, Hoaliku L. Drake, Individually and in her Capacity as Director of Department of Hawaiian Home Lands, Warren Price, III, Individually and in his Capacity as Attorney General of the State of Hawaii, George K.K. Kaeo, Jr., Individually and in his Capacity as Deputy Attorney General of the State of Hawaii, Kumu B. Vasconcellos, Individually and in his Capacity as Deputy Attorney General of the State of Hawaii, Clayton Lee Crowell, Individually and in his Capacity as Deputy Attorney General of the State of Hawaii, and Bekins Moving and Storage of Hawaii, Inc., Defendants.

Civ. No. 90–00063 DAE.

United States District Court, D. Hawaii.

April 16, 1991.

Rory Soares Toomey, Honolulu, Hawaii, for plaintiffs.

Torkildson, Katz, Jossem, Fonseca, Jaffe & Moore, Steven B. Jacobson, Matt A. Tsukazaki, Honolulu, Hawaii, for Bekins Moving & Storage Co. of Hawaii, Inc.

Warren Price, III, Atty. Gen., State of Hawaii, Steven S. Michaels, Deputy Atty. Gen., Honolulu, Hawaii, for defendants.

## ORDER GRANTING STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DAVID ALAN EZRA, District Judge.

The motion of the state defendants for judgment on the pleadings or, in the alternative, for summary judgment, came on for hearing before this court on December 27, 1990 and April 15, 1991. Rory Soares Toomey, Esq. appeared on behalf of plaintiffs Anthony K. and Debra A. Naliielua ("plaintiffs"). Girard D. Lau and Steven S. Michaels, Deputy Attorneys General, appeared on behalf of defendants State of Hawaii ("the State"), Department of Hawaiian Home Lands ("the Department"), John Waihee, Ilima Piianaia ("Piianaia"), Hoaliku L. Drake, Warren Price, III ("Price"), George K.K. Kaeo, Jr. ("Kaeo"), Kumu B. Vasconcellos ("Vasconcellos"), and Clayton Lee Crowell ("Crowell") (collectively "state defendants"). Defendant Bekins Moving and Storage of Hawaii, Inc. was dismissed from this action by the court's order of May 29, 1990.

The court, having reviewed the motion and the memoranda filed in support thereof and in opposition thereto, having heard oral argument of counsel, and being fully advised as to the premises herein, GRANTS defendants' motion for summary judgment.

## BACKGROUND

Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1985(3). Plaintiff Anthony Naliielua ("Anthony") is the natural

grandson and adopted son of Gregory Kalahikiola Naliielua, Sr., deceased ("Gregory"). Gregory lived on a leased Hawaiian Home Lands lot in Nanakuli, Hawaii with his wife, Frances E. Naliielua ("Frances") until his death in December 1987. Gregory did not designate a successor to his leasehold interest in the event of his death. However, he did designate Frances, allegedly a non-Hawaiian, as the recipient of the appraised value of their improvements. Such a designation is permitted by section 209(a) of the Hawaiian Homes Commission Act of 1920, 42 Stat. 108, reprinted at Haw. Rev.Stat. vol. 15, p. 293 ("HHCA").

A few months after Gregory's death, on February 2, 1988, the First Circuit Court of the State of Hawaii appointed Anthony special administrator of Gregory's estate and issued him Letters of Special Administration ("letters"), which he used to remove Frances from the home she and Gregory had shared ("the homestead"). By order dated February 12, 1988, the circuit court vacated these letters and issued a writ of possession authorizing the removal of Anthony and his personal belongings from the property.[1] The writ enabled Frances to resume possession pending the Department's disposition of Gregory's leasehold interest.[2] The state court's writ issued upon the Department's motion.

Pursuant to the writ of possession issued and made effective on February 12, 1988, defendant Bekins removed plaintiffs' personal property from Gregory's home. As a result of this incident, plaintiffs brought this action against Bekins and the several state defendants. They argue that the HHCA unconstitutionally deprives them of their right to equal protection by creating preferences based solely on race. Plaintiffs assert they were injured by actions the state defendants took pursuant to this allegedly unconstitutional statute. This

court has subject matter jurisdiction under 28 U.S.C. § 1343(a)(3).[3]

## DISCUSSION

### I. Summary Judgment Standard

The state defendants filed their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Under that rule, the court treats the motion as one for summary judgment when the parties present matters outside the pleadings and the court does not exclude those matters. The parties have offered affidavits and exhibits in addition to the pleadings. Accordingly, the court treats the instant motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In determining whether a genuine issue of material fact exists, the court draws inferences from the evidence in the light most favorable to the nonmoving party. *Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir.1988). The party opposing the motion may not defeat it in the absence of any significant probative evidence tending to support his legal theory. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979).

■ There is no genuine issue of material fact if the opposing party fails to offer evidence sufficient to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Here, there is no dispute as to any material fact. Rather, the parties contest whether defendants are entitled to judgment as a matter of law.

---

1. The court vacated the letter because in his petition for appointment as special administrator, Anthony represented falsely that his appointment was necessary to protect the homestead, which he claimed was unoccupied.

2. The Department's practice is to allow nonsuccessor widows to retain possession of a de-

ceased's property pending final disposition of the leasehold interest.

3. Because Count V names only defendant Bekins, who was dismissed by this court's May 29 order, the court does not discuss Count V in the present order.

## II. Counts I, X, & XI—The HHCA's Constitutionality

Plaintiffs allege in Count I that the HHCA violates the equal protection clause of the United States Constitution because it confers a benefit solely on the basis of race. They assert in Counts X and XI that all state defendants acted unlawfully and breached a duty to plaintiffs when they purported to act under authority of the allegedly unconstitutional act.

■ By its order of May 29, 1990, this court determined that plaintiffs lack standing to challenge the HHCA's constitutionality.[4] This court found that because plaintiffs, as native Hawaiians, are beneficiaries of the HHCA, they cannot contest its validity on the ground that it discriminates against non-Hawaiians. This court further determined that even if plaintiffs did have standing, their alleged injuries did not arise from any unconstitutionality, but from their own misrepresentations to the circuit court, which resulted in the improperly issued Letters of Special Administration. *See* note 1 *supra.*

■ This court's May 29 ruling regarding standing remains law of the case. *See* note 4 *supra.* Under the law of the case doctrine, when a court decides upon a rule of law, that decision governs the same issues in subsequent stages of the same case. *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983), *reh'g denied,* 462 U.S. 1146, 103 S.Ct. 3131, 77 L.Ed.2d 1381 (1983). Of course, the court may reconsider previously decided issues where intervening case or statutory law indicates a contrary result. *Toussaint v. McCarthy,* 801 F.2d 1080, 1092 n. 11 (9th Cir.1986), *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). However, plaintiffs have pointed to no such intervening authority here with respect to the standing issue. Accordingly, the court holds to its prior decision in this case that plaintiffs lack standing to challenge the constitutionality of the HHCA on equal protection grounds, and the court grants summary judgment for the state defendants as to Counts I, X, and XI.

## III. Count II—Due Process

■ Plaintiffs allege in Count II that the Department deprived them of due process when it evicted them under a writ of possession issued by a Hawaii state circuit court, rather than a Hawaii state district court, as required by Haw.Rev.Stat. § 666–6.[5] Like the standing issue, the question of a due process violation was addressed in this court's May 29 order. This court found that because the procedures followed in the circuit court provided plaintiffs with notice and an opportunity to be heard prior to issuance of the writ, plaintiffs received due process. The court further adjudged that the circuit court's issuance of the writ was proper under Hawaii law.

As with the issue of plaintiffs' standing, the law of the case doctrine bars relitigation of the due process allegations contained in Count II. Therefore, the court grants summary judgment in favor of the Department with respect to Count II.

## IV. Count III—Malicious Prosecution

■ Plaintiffs contend in Count III that the Department, Piianaia, Kaeo, Vasconcellos, and Crowell maliciously prosecuted them for criminal trespass after they refused to vacate the property as ordered by the writ of possession. Plaintiffs say the defendants acted under color of state law when they pursued the criminal trespass charge.

■ To state a claim under section 1983, plaintiffs must allege not only that defendants acted under color of state law, but

4. Following this court's certification pursuant to Federal Rule of Civil Procedure 54(b), plaintiffs appealed the May 29 ruling to the Ninth Circuit, and they filed their final reply brief in that appeal on January 3, 1991. As of April 15, 1991, the Court of Appeals has not acted upon plaintiffs' appeal, which was submitted on the briefs.

5. Haw.Rev.Stat. § 666–6 provides as follows:
In the case of summary possession proceedings, the person entitled to the possession of the premises shall bring and prosecute the person's action in the district court of the circuit wherein the lands and premises in question are situated.

also that they deprived plaintiffs of some federal constitutional or statutory right. *See Keniston v. Roberts,* 717 F.2d 1295, 1298 (9th Cir.1983). Plaintiffs here fail to allege a violation of any federally protected right. Instead, they assert a malicious prosecution claim that would be cognizable only under state law. Plaintiffs have failed as a matter of law to state a cause of action under section 1983, and the court grants summary judgment on Count III in favor of the Department, Piianaia, Kaeo, Vasconcellos, and Crowell.

## V. Count IV—Deprivation of Property

In Count IV, plaintiffs maintain that the Department had no right to request Bekins to remove their property from the homestead. Plaintiffs' contention that the Department "had no right" stems from their argument that the HHCA is unconstitutional. Because this court has found that plaintiffs lack standing to challenge the HHCA's constitutionality, the court grants summary judgment in favor of the Department on Count IV.

## VI. Count VI—Breach of Trust

Count VI asserts that the State, the Department, and certain unnamed members of the Department's staff violated plaintiffs' right to due process when they allegedly failed to consider fairly plaintiffs' application to take over the homestead lease. At the December 27, 1990 hearing on this motion, this court indicated that while couched in terms of a due process claim, Count VI, when construed in light of all the allegations contained in plaintiffs' Memorandum in Opposition, might actually state a claim for breach of the Department's duty to native Hawaiian beneficiaries of the HHCA. *See Price v. Akaka,* 915 F.2d 469 (9th Cir.1990), *amd'd* and *reh'g denied en banc,* 928 F.2d 824 (9th Cir.1991).

This court warned, however, that the allegations in plaintiffs' complaint were insufficient to support a breach of trust claim. The court thus granted plaintiffs three months to conduct supplemental discovery and submit additional facts to support such a claim.

Plaintiffs' complaint states only that "the staff informed [plaintiffs] that if [they] would pay the expenses incurred in the eviction of [plaintiffs] ..., *and by implication* drop any suit against the State of Hawaii, the staff of the Department ... would recommend that [plaintiffs'] application be accepted." Complaint ¶ 86. Despite the continuance granted specifically so that plaintiffs could provide evidentiary support for this allegation, plaintiffs have failed to provide any such support.

In addition, in their supplemental Memorandum in Opposition filed on March 22, 1991, plaintiffs for the first time asserted a breach of trust claim based on estoppel. This claim derives from plaintiffs' allegations that the Department consented to their occupation of the homestead. However, nothing in the complaint suggests the Department consented to plaintiffs' move, and plaintiffs have offered no probative evidence to support a finding that the Department consented. Defendants are entitled to judgment on this basis alone. *See Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990) (general averments in motion are insufficient, absent specific facts, to meet non-movant's burden of proof).

Plaintiffs have failed to meet their burden of providing significant probative evidence tending to support their legal theory. *See Commodity Futures Trading Comm'n,* 611 F.2d at 282. Defendants are therefore entitled to summary judgment on plaintiffs' breach of trust claim. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552 (no genuine issue of material fact exists if the opposing party fails to offer evidence sufficient to establish the existence of an element essential to that party's case).

## VII. Counts VII & VIII—Interference With Contractual Relations

Counts VII and VIII allege that the Department, Piianaia, Price, Kaeo, Vasconcellos, and Crowell interfered with an oral contract between plaintiffs and Frances,

the terms of which provided that plaintiffs would take over the homestead following Gregory's death. *See* Plaintiffs' Memorandum in Opposition at 3–4. Although plaintiffs sue under section 1983, neither Count VII nor Count VIII describes a violation of plaintiffs' federal rights. Thus, while plaintiffs may have a cause of action under state law, *see Burgess v. Arita,* 5 Haw. App. 581, 704 P.2d 930 (1985), they have failed to state a claim under section 1983. *See Keniston,* 717 F.2d at 1298. The court therefore grants summary judgment for defendants with respect to Counts VII and VIII.

### VIII. *Count IX—Infliction of Emotional Distress*

 Plaintiffs contend in Count IX that by their actions, all the state defendants intentionally and/or negligently inflicted emotional distress on plaintiffs and caused the destruction of their marriage. As this court noted in its May 29 order, damages for emotional distress may be available under section 1983 once a violation of that section has been established. However, such damages cannot in themselves form the basis for a section 1983 claim. The court grants summary judgment in favor of all state defendants as to Count IX.

### IX. *Count XII—Conspiracy*

The final Count of the complaint states that all defendants conspired to violate plaintiffs' rights. Although neither the complaint nor plaintiffs' Memorandum in Opposition mentions 42 U.S.C. § 1985(3), it appears that is the statute implicated in Count XII.

To state a claim under section 1985(3), plaintiffs must allege that they are members of a protected class who have suffered racial or class based discrimination. *Bretz v. Kelman,* 773 F.2d 1026, 1028 (9th Cir.1985) (en banc). Additionally, the alleged conspirators must be motivated by discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

Here, plaintiffs are native Hawaiians who may well be members of a protected class. However, they do not allege that defendants conspired against them because they are native Hawaiians. They say only that defendants acted improperly in permitting Frances to remain on the homestead and in exercising authority pursuant to the allegedly unconstitutional Act. These allegations are insufficient as a matter of law to state a claim under section 1985(3). Therefore, the court grants summary judgment as to Count XII in favor of all defendants.

### CONCLUSION

The court finds that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law with respect to Counts I–IV and VI–XII. Count V was previously dismissed against the only defendant named therein, and it is not before the court at this time. Accordingly, the court GRANTS summary judgment for defendants with respect to counts I–IV and VI–XII.

IT IS SO ORDERED.