24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John J. ZICHKO, Plaintiff-Appellant,
v.
IDAHO DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, et al.,
Defendants-Appellees.
 No. 93-35533.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John J. Zichko, an Idaho state prisoner, appeals pro se the district court's order granting defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Zichko alleged violations of his civil rights by various employees of the Kootenai County Public Defender services, the Idaho Department of Health, Education and Welfare, and the Idaho Department of Corrections, arising out of his conviction for the rape of his minor daughter, and the subsequent divorce and child protective proceedings that resulted in prison officials' decision to prevent him from contacting members of his family. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992), and affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 4
 To establish liability under Sec. 1983, the plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). The plaintiff must demonstrate a causal connection between the named defendants and the alleged constitutional deprivation. Rizzo v. Goode, 423 U.S. 362, 375 (1976); Conner v. Sakai, 15 F.3d 1463, 1467 (9th Cir.1994); Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir.1988). Vague and conclusory allegations, however, are not sufficient to support a Sec. 1983 claim or to withstand summary judgment. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir.1983); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.1978), cert. denied, 442 U.S. 941 (1979).
 
 
 5
 1. Attorney Jones, attorney Anderson and legal secretary Kaiser
 
 
 6
 Court-appointed counsel does not generally act under color of state law when engaged in the ordinary course of conducting the defense. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir.1982). However, a cause of action exists for the purposes of Sec. 1983 if the plaintiff can plead and prove that the public defender actually conspired with state officials. Tower v. Glover, 467 U.S. 914, 923 (1984). Nonetheless, mere conclusory allegations of a conspiracy without more, are insufficient to support a claim against court-appointed counsel. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 7
 When the defendant in a Sec. 1983 action is a private party, the court must determine whether the offending conduct is "fairly attributable to the state." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).
 
 
 8
 a) attorney Greg Jones
 
 
 9
 Here, in January 1989, the state court appointed Jones to represent Zichko in a post-conviction relief matter. In April 1989 Zichko filed a motion to have Jones disqualified from handling his case because he was not pleased with Jones nor his legal secretary, Melinda Kaiser. Although the state court denied Zichko's motion, Jones reassigned Zichko's case to one of his staff attorneys, Tim Gresbeck in May 1989. Because Jones represented Zichko as a public defender by handling post-conviction relief proceedings from January to May 1989, and because Zichko failed to present any specific evidence that Jones engaged in a conspiracy with state officials, Zichko's Sec. 1983 claim against Jones is deficient. See Tower, 467 U.S. at 923; Dodson, 454 U.S. at 318; Karim-Panahi, 839 F.2d at 624; Cox, 685 F.2d at 1099; Ivey, 673 F.2d at 268.
 
 
 10
 b) attorney Hollis Anderson
 
 
 11
 In March 1987, Anderson was appointed by the state court to represent Zichko's wife, Mary in child protective proceedings. In April 1987, Mary separately retained Anderson to represent her in her divorce against Zichko. Zichko contends that Anderson violated his civil rights by representing his wife as a public defender in the child protective proceedings and by drafting two letters on Mary's behalf on October 27, 1987 and April 15, 1988.[1] These contentions lack merit. First, because Anderson was appointed by the state court to represent Mary Zichko in child protective proceedings, and because Zichko failed to present any specific evidence that Anderson engaged in a conspiracy with state officials, Zichko's Sec. 1983 claim against Anderson in her capacity as public defender is deficient. See Tower, 467 U.S. at 923; Dodson, 454 U.S. at 318; Karim-Panahi, 839 F.2d at 624; Cox, 685 F.2d at 1099; Ivey, 673 F.2d at 268. Second, because Mary Zichko separately retained Anderson to initiate a divorce proceeding against her husband in April 1987, the two letters Anderson drafted at the direction of her client was in the capacity of Mrs. Zichko's private attorney. Thus, this claim against Anderson is also deficient. See Lugar, 457 U.S. at 937; Karim-Panahi, 839 F.2d at 624.
 
 
 12
 c) legal secretary Melinda Kaiser
 
 
 13
 As a legal secretary for the Kootenai County public defender services, Kaiser wrote two letters on July 25 and 26, 1988, at the direction of Anderson.[2] In January 1990, Kaiser was hired as a legal secretary for the law office of Greg Jones, which had recently obtained the Kootenai County public defender services contract. In his Sec. 1983 action Zichko maintains that Kaiser violated his Constitutional rights by writing the July 25 and 26, 1988 letters and by acting as a legal secretary for Greg Jones. These contentions lack merit. Because Zichko fails to provide any facts to establish that Kaiser violated his Constitutional rights while employed as a legal secretary for contracted public defender services, his Sec. 1983 claim against her is deficient. See Rizzo, 423 U.S. at 375; Conner, 15 F.3d at 1467; Leer, 844 F.2d at 633-34; Karim-Panahi, 839 F.2d at 624; Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 14
 2. Idaho Department of Health, Education and Welfare, and its employee Patricia Frazier
 
 
 15
 Zichko alleges that the Idaho Department of Health, Education and Welfare ("HEW") and its employee Patricia Frazier violated his civil rights when Frazier, a senior social worker, filed a protective care status report in the state court regarding his daughter. Zichko maintains that Frazier's submission of the status report and other unspecified actions of HEW contributed to his incarceration and violated his rights to due process and to be free from cruel and unusual punishment. Because Zichko fails to set forth any specific facts to support that HEW or Frazier violated his Constitutional rights, his Sec. 1983 claim is deficient. See Rizzo, 423 U.S. at 375; Conner, 15 F.3d at 1467; Leer, 844 F.2d at 633-34; Karim-Panahi, 839 F.2d at 624; Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 16
 3. Idaho Department of Corrections, and its employees
 
 
 17
 Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n. 5 (1979). Under the doctrine of collateral estoppel, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. Id.
 
 
 18
 a) Violation of the First Amendment: freedom of religion
 
 
 19
 Zichko contends that Wardens Arave and Paskett, Dr. Sterling and prison official McKnighton violated his First Amendment rights by depriving him of his freedom of religion. With respect to his claim against Wardens Arave and Paskett, the district court dismissed the same claim against these defendants in John J. Zichko v. Arvon Arave, Case No. CV90-167-S-HLR. Accordingly, because Zichko had a full and fair opportunity to litigate this issue, he is prevented from relitigation of the same issue under principles of collateral estoppel. See Parklane Hosiery Co., 439 U.S. at 327, n. 5. Furthermore, because Zichko offers no facts to establish that either defendant Sterling or McKnighton violated his First Amendment rights to the freedom of religion, his Sec. 1983 claim against these defendants is deficient. See Rizzo, 423 U.S. at 375; Conner, 15 F.3d at 1467; Leer, 844 F.2d at 633-34; Karim-Panahi, 839 F.2d at 624; Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 20
 b) Violation of the First Amendment: refusal to mail personal correspondence
 
 
 21
 Zichko contends that Directors Murphy and Vernon violated his First Amendment rights by refusing to mail his letters to his former wife and children. This issue was decided by this court in Zichko v. Murphy, No. 90-35141, unpublished memorandum disposition (9th Cir. Aug 5, 1991), which held that the prison's action was narrowly tailored to further the government's legitimate interest in protecting crime victims and their families. Accordingly, Zichko is barred from relitigating this claim against defendants Murphy and Vernon. See Parklane Hosiery Co., 439 U.S. at 327, n. 5.
 
 
 22
 c) Violations of the Fourth Amendment
 
 
 23
 Zichko contends that the Idaho Department of Correction violated his Fourth Amendment rights. However, because Zichko failed to name any prison official responsible for violating his Fourth Amendment rights, and because he failed to articulate which Fourth Amendment rights the defendants violated, this claim is deficient. See Karim-Panahi, 839 F.2d at 624; Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 24
 d) Violations of the Fifth Amendment
 
 
 25
 Zichko contends that Directors Murphy and Vernon; Wardens Arave and Paskett; Dr. Sterling; prison officials McKnighton and Lunger; and Parole Commissioner Craven violated his Fifth Amendment rights. Although Zichko fails to identify which specific rights under the Fifth Amendment the named defendants violated, Zichko claims they contributed to his unlawful incarceration. Zichko, however, does not dispute that he pled guilty to raping his minor daughter and was sentenced to ten years in state prison. Moreover, he fails to set forth any specific facts to support that these defendants violated his Fifth Amendment rights. Thus, this claim is deficient. See Karim-Panahi, 839 F.2d at 624; Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 26
 e) Violations of the Sixth Amendment
 
 
 27
 Zichko contends that Dr. Sterling and prison official McKnighton violated rights under the Sixth Amendment. However, because Zichko failed to articulate which Sixth Amendment rights these prison officials violated, and because he failed to provide any facts to support a Sixth Amendment violation, this claim is deficient. See Karim-Panahi, 839 F.2d at 624; Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 28
 f) Violations of the Eighth Amendment
 
 
 29
 Zichko contends that Directors Murphy and Vernon; Wardens Arave and Paskett; Dr. Sterling; prison officials McKnighton and Lunger; and Parole Commissioner Craven violated his rights under the Eighth Amendment. Although Zichko's Eighth Amendment claims against these defendants are generally vague, conclusory and devoid of specific facts, he does allege that: (1) defendants Murphy and Vernon participated in a "cover-up" resulting in his false imprisonment; and (2) defendants Arave and Paskett subjected him to an unwarranted lockdown. These contentions lack merit.
 
 
 30
 First, with respect to the false imprisonment allegation, Zichko does not refute that he pled guilty to raping his minor daughter and was sentenced to ten years in state prison. Moreover, he fails to set forth any specific facts to support that defendants Murphy and Vernon participated in a conspiracy to falsely imprison him, nor that they violated his Eighth Amendment rights. Thus, these claims against defendants Murphy and Vernon are deficient. See Karim-Panahi, 839 F.2d at 624; Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 31
 Second, with respect to defendants Arave and Paskett, the district court considered the circumstances under which Zichko was subjected to a lockdown in the Memorandum Decision and Recommendation entered June 10, 1991 in John J. Zichko v. Arvon Arave, Case No. CV90-167-S-HLR, and found that these defendants did not deprive him of his Constitutional rights. Thus, because Zichko had a full and fair opportunity to litigate this issue, and because he had not appealed the district court decision, he is prevented from relitigation of the same issue under principles of collateral estoppel. See Parklane Hosiery Co., 439 U.S. at 327, n. 5. Furthermore, because Zichko offers no facts to establish that the other named defendants violated his Eight Amendment rights, these claims against the remaining defendants are deficient. See Rizzo, 423 U.S. at 375; Conner, 15 F.3d at 1467; Leer, 844 F.2d at 633-34; Karim-Panahi, 839 F.2d at 624. Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 32
 g) Violations of the Due Process Clause
 
 
 33
 Zichko contends that Directors Murphy and Vernon; Wardens Arave and Paskett; Dr. Sterling; prison officials McKnighton and Lunger; and Parole Commissioner Craven violated his rights under the Due Process Clause of the Fourteenth Amendment. Although most of Zichko's due process claims are vague, conclusory and devoid of specific facts, he does allege that defendants Murphy and Vernon violated his due process rights by refusing to mail his letters to his former wife and children. As stated earlier, this issue was decided by this court in Zichko v. Murphy, No. 90-35141, unpublished memorandum disposition (9th Cir. Aug 5, 1991), which held that the prison's action was narrowly tailored to further the government's legitimate interest in protecting crime victims and their families. Accordingly, Zichko is barred from relitigating this claim against defendants Murphy and Vernon. See Parklane Hosiery Co., 439 U.S. at 327, n. 5. Furthermore, because Zichko fails to produce facts to establish that the other named defendants violated his rights under the Due Process Clause, his Sec. 1983 claim against these defendants is deficient. See Rizzo, 423 U.S. at 375; Conner, 15 F.3d at 1467; Leer, 844 F.2d at 633-34; Karim-Panahi, 839 F.2d at 624. Keniston, 717 F.2d at 1300; Mosher, 589 F.2d at 441.
 
 
 34
 Accordingly, the district court did not err in granting defendants' motion for summary judgment in Zichko's 42 U.S.C. Sec. 1983 action. See Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 248; Taylor, 880 F.2d at 1044.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's March 21, 1994 "motion for objection to order" is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On October 27, 1987, at the request of her client, Anderson sent a letter to Zichko's attorney stating that Zichko had been denied visitation rights with Mary and her children, and noted that Mary and her counselor had previously notified the Department of Corrections to place Zichko on restrictive correspondence list
 On April 15, 1988, at the request of Mary Zichko, Anderson drafted a letter to Al Murphy, Director of the Department of Corrections, wherein she referenced various court orders, the orders that had been issued by the Department of Corrections restricting Zichko's contact with his family and urged Murphy "to make every effort to prohibit any contact by John with Mary and her children."
 
 
 [2]
 The July 25, 1988 letter was addressed to Zichko and was copied to his attorney, William Brown. The letter informed Zichko that his interrogatories would not be answered as there was no pending litigation, and requested that Zichko have no further contact with his family
 The July 26, 1988 letter was addressed to the prison returning Zichko's interrogatories and inquired whether the prison desired copies of the court order regarding Zichko's contact with his family.