32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos A. GURRY, Plaintiff-Appellant,
v.
D. STATES, Defendant-Appellee.
 No. 94-15127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Carlos Gurry appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Gurry claims that States, a corrections officer, violated his constitutional rights by being deliberately indifferent to a risk of physical harm posed by other inmates who assaulted Gurry when States momentarily left his post. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's dismissal for failure to state a claim, Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992), and we affirm.
 
 
 3
 In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Buckey v. Los Angeles, 957 F.2d 652, 654 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).
 
 
 4
 To state a claim under Sec. 1983, the plaintiff must allege that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). Vague and conclusory allegations, however, are not sufficient to support a Sec. 1983 claim. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir.1983).
 
 
 5
 A prisoner may establish a Sec. 1983 claim under the Eighth and Fourteenth Amendments against prison officials who acted with deliberate indifference to the threat of serious harm or injury by another prisoner. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir.1986). Under the deliberate indifference standard, a plaintiff must demonstrate that prison officials knew that he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 114 S.Ct. 1970, 1980 (1994). Deliberate indifference entails something more than negligence, but is satisfied by something less than acts or omissions for the very purpose of causing harm, or with knowledge that harm will result. Id. at 1979.
 
 
 6
 Here, Gurry failed to allege any facts to show that States was aware that several inmates were planning to attack Gurry on the prison yard, or that States was more than simply negligent for having temporarily left his post. Thus, Gurry's claim that States was deliberately indifferent to a known risk of harm is deficient. See Farmer, 114 S.Ct. at 1980; Leer, 844 F.2d at 633; Berg, 794 F.2d at 462.
 
 
 7
 Accordingly, the district court did not err in dismissing Gurry's Sec. 1983 action pursuant to Fed.R.Civ.P. 12(b)(6). See Buckey, 957 F.2d at 654; Balistreri, 901 F.2d at 699.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3