134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric JOHNSON, Plaintiff-Appellant,
v.
A. MEADS; J. Zamora; B. Compton, Correctional Officer; S.
Davidson, MTA, Defendants-Appellees.
 No. 96-17191.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Johnson, a California prisoner, appeals pro se the district court's judgment as a matter of law in favor of defendants in Johnson's 42 U.S.C. § 1983 action alleging the use of excessive force in violation of the Eighth Amendment. Johnson contends that the district court (1) erred by granting the defendants's motion for a directed verdict; (2) improperly cut off cross-examination; and (3) was biased against him. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court must apprise parties of deficiencies in their proof, and give them an opportunity to present further evidence on the dispositive facts, before granting judgment as a matter of law against them. See Waters v. Young, 100 F.3d 1437, 1441 (9th Cir.1996); Fed.R.Civ.P. 50 advisory committee's note to 1991 amendment; see also Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1429 (9th Cir.1986) (either movant or court must identify deficiencies in non-movant's case to satisfy Rule 50). This requirement is particularly important in the case of pro se litigants. See Waters, 100 F.3d at 1442.
 
 
 4
 At trial, Johnsons testimony consisted solely of conclusory allegations against the defendants. At the end of his testimony, Johnson concluded his case-in-chief. The district court asked Johnson if he wished to present any additional testimony or call any other witnesses. The court also explained to Johnson the necessity of presenting evidence prior to concluding his case, and stated that he needed to explain with greater sufficiency what was done to him and how it occurred. Despite the court's advisement, Johnson refused to call any other witnesses, and chose to rest his case based only upon his testimony. The defendants moved for a judgment as a matter of law, stating that there had been no showing of injuries or the requisite state of mind on the part of the defendants. After reviewing the record, the district court determined that there was no legally sufficient evidentiary basis for a reasonable jury to have found for Johnson on his claims. See Waters, 100 F.3d at 1441. Accordingly, the district court properly granted the defendant's motion because Johnson received the notice and opportunity to which he was entitled under Rule 50. See id. at 1441-42; Fed.R.Civ.P. 50 advisory committee's note to 1991 amendment.
 
 
 5
 Johnson also contends that the district court improperly "cut-off" his cross-examination, and was biased against him. Upon review of the record, we find these contentions conclusory and lacking in merit. See Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir.1983) (vague and conclusory allegations are not sufficient to support a section 1983 claim).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3