**Kim Edward LAUBE, an individual, Plaintiff,**

v.

**FURMINATOR, INC., an Indiana Corporation, Defendant.**

**No. CV 10–7328 RSWL (SSx).**

United States District Court, C.D. California.

Jan. 28, 2011.

Kent A. Rowald, Law Offices of Kent a Rowald P.C., Tomball, TX, Kevin E. Schraven, Marc E. Hankin, Hankin Patent Law APC, Los Angeles, CA, for Plaintiff.

David B. Jinkins, Fredericka B. Jura, Jonathan G. Musch, Matthew A. Braunel, Steven E. Garlock, Thompson Coburn LLP, St. Louis, MO, Donald L. Morrow, Paul Hastings Janofsky & Walker LLP, Costa Mesa, CA, for Defendant.

**ORDER Re: Defendant FURminator, Inc.'s Motion to Dismiss [13]**

RONALD S.W. LEW, Senior District Judge.

On January 25, 2011, Defendant FURminator Inc.'s Motion to Dismiss [13] came on for regular calendar before this Court. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Defendant's Motion to Dismiss as to the single cause of action for Declaratory Relief for Correction of Inventorship and Assignment of Patent Rights. The Court finds that Plaintiff has failed to state a claim upon which relief may be granted as to the single cause of action for Declaratory Relief for Correction of Inventorship and Assignment of Patent Rights. Plaintiff has alleged insufficient facts with regard to his allegation that he invented the five FURminator patents: 6,782,846 (the '846 Patent), 7,077,076 (the '076 Patent), 7,222,588 (the '588 Patent), 7,334,540 (the '540 Patent), and 7,509,926 (the '926 Patent) (hereinafter and collectively the "Patents").

Furthermore, the Court finds that granting leave to amend would be futile because this Action is duplicative of the 2009 California Lawsuit also before this Court. *See Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir.1983). *See also Adams v. Cal. Dept. of Health Servs.,* 487 F.3d 684, 689 (9th Cir.2007). Specifically, the Court finds that these two Actions share a common transactional nucleus of facts as both claims seek declaratory relief for correction of inventorship and dispute the inventorship and ownership of the same five Patents. Additionally, the Court finds that Plaintiff Kim Laube is in privity with the Plaintiff in the 2009 Action, Kim Laube & Co. Inc. given that Kim Laube is the

**1208**

president and sole shareholder of Kim Laube & Co. Inc. *See In Re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997). Accordingly, the Court finds that this Action should be **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**