42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl E. PERKINS, Plaintiff-Appellant,
v.
PELICAN BAY STATE PRISON, Defendant,
and
Charles D. Marshall, et al., Defendants-Appellees.
 No. 94-15550.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl E. Perkins, a California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. Sec. 1983 action against Charles D. Marshall and several other defendants (collectively "defendants"). Perkins alleged that the defendants were deliberately indifferent to his safety and his serious medical needs. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 To establish a claim under section 1983 a plaintiff must allege that the defendant, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). Vague and conclusory allegations, however, are not sufficient to support a section 1983 claim. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir.1983).
 
 A. Deliberate Indifference To Safety
 
 5
 Perkins contends that the district court erred by determining that the defendants were not deliberately indifferent to his safety. This contention lacks merit.
 
 
 6
 A prisoner may establish a section 1983 claim under the Eighth and Fourteenth Amendments against prison officials who acted with deliberate indifference to the threat of serious harm or injury. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir.1986). Under the deliberate indifference standard, a plaintiff must demonstrate that prison officials knew that he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 114 S.Ct. at 1982-3.
 
 
 7
 Perkins asserts that the defendants were deliberately indifferent to his safety because they knowingly allowed the prison canteen to sell defective lighters. It is undisputed that defective lighters were sold by the prison canteen. Once the defendants learned that defective lighters were sold, however, they were immediately removed from the canteen. Additionally, the defendants issued a memorandum to the inmate population informing the prisoners that the lighters were defective and could be exchanged for new ones. Perkins alleged that he purchased his lighter on October 11, 1991. The defendants' evidence demonstrated that the defective lighters were removed from the prison canteen in September 1991. Therefore, the lighter sold to Perkins did not come from the stock of lighters that the defendants knew were defective. Perkins failed to produce any evidence to controvert these facts. Thus, his claim that the defendants were deliberately indifferent to his safety fails. See Farmer, 114 S.Ct. at 1979.
 
 
 8
 B. Deliberate Indifference To Serious Medical Needs
 
 
 9
 Perkins contends that the district court erred by determining that the defendants were not deliberately indifferent to his alleged serious medical needs. This contention lacks merit.
 
 
 10
 To establish a section 1983 claim for failure to provide medical care, the prisoner must demonstrate that the defendants' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.1992). "Such indifference may be manifested in two ways. It may appear when prison physicians deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); see also Estelle, 429 U.S. at 104-05. The delay in medical treatment must have caused substantial harm. Shaply v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam). In addition, a prisoner claiming deliberate indifference must allege facts sufficient to indicate a culpable state of mind on the part of the defendants. Wilson v. Seiter, 501 U.S. 294, 297 (1991).
 
 
 11
 Perkins claims that the defendants were deliberately indifferent to his medical needs because they did not provide proper treatment. While we liberally construe Perkins' pro se pleadings, McGuckin, 974 F.2d at 1055, Perkins offers no evidence to show that he was denied medical treatment or that the treatment he received was inadequate. See Hutchinson, 838 F.2d at 393. Perkins also fails to allege facts sufficient to indicate a culpable state of mind on the part of the defendants. See Wilson, 501 U.S. at 297.
 
 
 12
 The record reflects that Perkins received treatment from a medical technical assistant for his injury fifteen minutes after the lighter exploded. Additionally, Perkins was examined the next day by another medical technical assistant who observed that Perkins did not have any serious injuries. Perkins was scheduled by the medical assistant for an eye examination with the prison's optometry clinic at which he received a prescription for glasses. While Perkins may believe that he should have received different treatment, a difference of opinion does not give rise to an action for deliberate indifference to serious medical needs under section 1983. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Furthermore, even if the defendants were negligent or committed malpractice in treating Perkins, this conduct does not support a cause of action for deliberate indifference. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (per curiam).
 
 
 13
 For these reasons, the district court properly granted summary judgment for the defendants.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Perkins also requested counsel pursuant to 28 U.S.C. Sec. 1915(d). Under section 1915(d), counsel is appointed only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Exceptional circumstances are determined by evaluating the likelihood that a party will succeed on the merits and the ability of that party to articulate his claims pro se in light of the complexity of the legal issues involved. Id. Because Perkins failed to demonstrate a likelihood of success on the merits and there is no evidence that he experienced any difficulty in attempting to litigate this case, he was not entitled to counsel. Id. Thus, although the district court did not rule on Perkins' motions to appoint counsel, this was harmless error